1  Timothy L. Davis  (SBN 181532)
   E-mail: Tdavis@bwslaw.com
2  Mark E. Wilson (SBN 264126)
   E-mail: mwilson@bwslaw.com
3  Gena B. Burns (SBN 273777)
   E-mail:  gburns@bwslaw.com
4  Burke, Williams & Sorensen, LLP
   1999 Harrison Street, Suite 1650
5  Oakland, CA 94612-3520
   Tel:  510.273.8780   Fax:  510.839.9104
6
7  Attorneys for Defendant
   CITY OF ENCINITAS
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12  JAMES MICKELSON on behalf of        Case No.  '22 CV0487 BAS BLM
    himself and other similarly situated
13  individuals,                        **NOTICE OF MOTION AND JOINT
                                        MOTION TO APPROVE FLSA
14                Plaintiff,            SETTLEMENT AGREEMENT**

15  v.                                  **Courtroom**: 4B
                                        **Hearing Date**:      February 21, 2023
16  CITY OF ENCINITAS,

17                Defendant.            **NO ORAL ARGUMENT UNLESS
                                        ORDERED BY THE COURT**
18
                                        **District Judge**:    Hon. Cynthia Bashant
19                                      **Magistrate Judge**:  Hon. Barbara Major

20

21          **NOTICE OF MOTION AND MOTION**

22          PLEASE TAKE NOTICE that on February 21, 2023  or soon thereafter as the matter may

23  be heard in Courtroom 4B of the United States District Court for the Southern District of California,

24  located at 221 West Broadway San Diego, CA 92101, Counsel for the Parties, on behalf of Plaintiffs

25  JAMES  MICKELSON,  TERANCE  CHIROS,  JORGE  SANCHEZ  AND  MICHAEL

26  SPAULDING ("PLAINTIFFS"), and Defendant CITY OF ENCINITAS ("DEFENDANT") will

27  and hereby do move the Court for an order granting final approval of the Settlement Agreement.

28          As discussed in the accompanying Memorandum of Points and Authorities, Declarations,

1    and Settlement Agreement, the parties have reached an agreement which has been approved by all

2    four Plaintiffs.   The parties and counsel thus respectfully request that this Court grant the Joint

3    Motion and approve the settlement.

4           This Joint Motion is based on this Notice, the Memorandum of Points and Authorities

5    submitted herewith, the Declarations, exhibits attached hereto, the pleadings, records, files in this

6    action, and such other written or oral argument as may be presented at or before the time this motion

7    is taken under submission by the Court.

8    Dated:  January 18, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

9

10                                              By: _____

11                                                  Mark E. Wilson
                                                    Attorney for Defendant
12                                                  CITY OF ENCINITAS

13   Dated:  January 20, 2023                   LAW OFFICES OF
                                                JAMES J. CUNNINGHAM, A.P.C.
14

15                                              By: _____

16                                                  James J. Cunningham
                                                    Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    BACKGROUND

### A.    The Parties and Claims

Plaintiffs, current or former City employees, filed a civil complaint (FLSA Collective Action) on April 8, 2022 against Defendant, City of Encinitas ("Defendant" or "City"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA") seeking unpaid wages, liquidated damages, and attorneys' fees and costs based on allegations that the City failed to pay Plaintiffs overtime wages.

The instant action alleges the City violated the FLSA by failing to pay Plaintiffs the full amount due for all overtime hours worked.  Specifically, Plaintiffs assert that they are and were improperly classified as exempt employees, so were not paid overtime, and seek all wages they are allegedly owed.  A copy of the Plaintiff's Compliant is attached to the Declaration of Mark E. Wilson ("Wilson Decl. 7") as Exhibit 2.

On June 8, 2022 and September 21, 2022, the Parties participated in two Early Neutral Evaluation Conferences with Magistrate Judge Barbara Major. Although the Parties did not agree to a settlement at the Conferences, the Parties continued to communicate regarding settlement thereafter. Ultimately, on January 18, 2023, the parties executed a settlement agreement which will resolve all claims and causes of action in this lawsuit. A copy of the settlement agreement is attached to the Declaration of Mark E. Wilson as Exhibit 1. The settlement is conditioned upon the Court's approval of the settlement.

As discussed below, the settlement reached by the parties is a fair and reasonable resolution of bona fide disputes. To that end, the Parties respectfully request that the Court grant the instant Motion seeking the Court's approval of the settlement.

### B.    Claims

Plaintiffs allege the City violated the FLSA by failing to pay Plaintiffs the full amount due for all overtime hours worked.  Specifically, Plaintiffs are or were employed by the City as Battalion Chiefs of the City's Fire Department. Because the Battalion Chiefs primarily manage the City's Fire Department

and supervise other employees, the City classifies the Battalion Chiefs as exempt employees under the FLSA. The Battalion Chiefs are, therefore, not paid FLSA overtime pay for overtime hours worked.

The Plaintiffs assert that they are improperly classified as exempt employees and seek all wages they are allegedly owed. The City denies all claims asserted by Plaintiffs including the claims for entitlement to liquidated damages and attorneys' fees.

### C.    Informal Discovery and Settlement Discussions

The Parties participated in two lengthy Early Neutral Evaluation Conferences with Judge Major. The first was held on June 8, 2021. (Wilson Decl. ¶ 3) While the Parties did not settle the dispute, the City agreed to provide Plaintiffs with time worked and payroll data. (Wilson Decl. ¶ 3) The City also agreed to provide Plaintiffs with detailed calculations of the Plaintiffs' alleged damages calculated by the City's retained economist, Nicholas Briscoe. (Wilson Decl. ¶3) Plaintiffs' counsel also met with Mr. Briscoe to discuss the calculations. (Wilson Decl. ¶ 3.) Mr. Briscoe reviewed all data with Plaintiffs' counsel and answered their questions. (Wilson Decl. ¶3) Plaintiffs and Defendants offered methodologies to calculate Plaintiffs' back pay. (Declaration of Nicholas Briscoe ("Briscoe Decl.") ¶ 6-9.)

The second Early Neutral Evaluation Conference was held on September 21, 2022. (Wilson Decl. ¶ 5.) While Parties did not settle at this Conference, shortly thereafter, they were able to reach a reasonable settlement of the matter on or about October 16, 2023.

### D.    Overview of Settlement Agreement

Under the terms of the Settlement, Defendant agrees to pay a total of $145,000.00 to Plaintiffs ("Plaintiffs' Settlement Amount"). The Plaintiffs' Settlement Amount allocates the amount as follows: (1) $26,108.22 paid to James Mickelson; (2) $12,373.71 paid to Terence Chiros; (3) $47,677.74 paid to Jorge Sanchez; and (4) $58,850.33 paid to Michael Spaulding. (See Wilson. ¶ 6, Ex 1. at p. 3.) Plaintiffs Mickelson and Chiros are no longer employees of Defendants. Plaintiff Jorge Sanchez, who is still employed by the Defendant will receive an additional $1,067.56. Michael Spaulding, who also remains an employee of Defendant, will receive an additional $5,551.61. The additional amounts paid to Jorge Sanchez and Michael Spaulding represents overtime hours worked from October 16, 2022 through January 1, 2023. October 16, 2022 is the

date Parties reached a tentative settlement. In exchange the Plaintiffs will agree to the following release in the Settlement Agreement:

> **Release of all claims.**    Plaintiffs accept this settlement and understand that upon approval from the Court, each Plaintiff shall be deemed to have fully, finally, and forever released Defendant City of Encinitas its constituent departments, commissions, agencies, boards, predecessors, successors, subsidiaries, related entities, and current and former elected officials, officers, directors, trustees, agents, employees, attorneys, and assigns, past present or future (collectively, "Releasees"), from all "Released Claims" as defined below, excluding the claims and allegations set forth in the Action. The Parties further stipulate that following entry of judgment, the Parties, including all Plaintiffs, shall be bound by the Judgment and barred and collaterally estopped from subsequent litigation of all issues which were or could have been raised in the Action.
>
> "Released Claims" shall mean any and all wage-and-hour and overtime pay-related claims under the Fair Labor Standards Act, California law, or tort or contract theories, which accrued or could have accrued through the Effective Date of this Agreement, and that were or could have been asserted in the Action, including without limitation failure to pay overtime, failure to properly calculate the regular rate, failure to pay wages for all hours worked, minimum wage violations, failure to timely pay final wages or other wages, failure to provide meal and rest breaks, failure to keep/maintain, and furnish accurate itemized wage statements, and including but not limited to any and all claims for recovery of overtime wages, overtime pay, minimum wage, premium pay, penalties, interest and/or liquidated damages under the FLSA, the California Industrial Welfare Commission Wage Orders, and/or claims under the California Labor Code, the Private Attorneys General Act, claims under any and all city and or county Living Wage Ordinances or Minimum Wage Ordinances, all waiting time penalties that could have been sought in the Action, claims for interest, litigation and other costs, expenses, restitution, and equitable and declaratory relief, and violations of the California Business & Professions Code, including but not limited to Section 17200, et seq., and claims for attorneys' fees and costs in litigating the case subject to this Agreement.

(Wilson Decl. ¶ 6, Ex 1., at pp. 4-5.)

### E.    **Legal Standard**

Because an employee cannot waive claims under the FLSA, those claims may not be settled without supervision of either the Secretary of Labor or a district court. *See Barrentine v. Ark.-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981). "The FLSA places strict limits on an employee's ability to waive claims for unpaid wages or overtime ... for fear that employers may coerce employees into settlement and waiver." *Trout v. Meggitt-USA Servs., Inc.,* No.

2:2016cv07520ODWAJW, 2018 WL 1870388, at *3 (C.D. Cal. Apr. 17, 2018) (internal quotation marks and citation omitted); *see Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, (1945) (finding that the FLSA prohibits waiver of the statutory minimum wage and right to liquidated damages as a check against the superior bargaining power employers generally enjoy vis-à-vis employees). Accordingly, courts in this district and circuit have followed the Eleventh Circuit's holding that FLSA collective action settlements require the supervision of either the Secretary of Labor or the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (*"Lynn's Food Stores"*); see also *Seminiano v. Xyris Enter., Inc.,* 602 F. App'x 682, 683 (9th Cir. 2015); *Slezak v. City of Palo Alto*, No. 16-CV-03224-LHK, 2017 WL 2688224, at *1 (N.D. Cal. June 22, 2017) ("*Slezak*"); *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2014 WL 12643008, at *3 (N.D. Cal. Dec. 26, 2014).

Under *Lynn's Food Stores,* "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues...that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,* 679 F.2d at 1354. *See also, Otey v. CrowdFlower, Inc.,* No. 12-cv-05524-JST, 2015 U.S. Dist. LEXIS 141338, at *12 (N.D. Cal. Oct. 15, 2015). "A bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Dashiell v. Cty. of Riverside,* No. EDCV1500211JGBSPX, 2018 WL 3629915, at *2 (C.D. Cal. July 19, 2018). There must be "some doubt ... that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims." *Selk v. Pioneers Mem'l Healthcare Dist.,* 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *see also Trout v. Meggitt-USA Servs., Inc.,* No. 216CV07520ODWAJW, 2018 WL 1870388, at *1 (C.D. Cal. Apr. 17, 2018) (explaining that to demonstrate a bona fide dispute under the FLSA "[t]he employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages") (internal citation omitted).

In lieu of clear guidance under the FLSA as to whether a "fair and reasonable resolution of a bona fide dispute" exists, some courts have considered the factors used to evaluate settlement of Rule 23 class actions. See *Dashiell, supra,* 2018 WL 3629915 at *2. These factors include: (1) the

strength of plaintiffs' case; (2) the risk; (3) the expense, complexity, and likely duration of further litigation; (4) the risk of maintaining class action status throughout trial; (5) the amount offered in settlement; (6) the extent of discovery completed; (7) the stage of the proceedings; (8) the experience and views of counsel; and (9) the reaction of class members to the proposed settlement. *Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003).

District courts in this circuit have also recognized that some of the Rule 23 factors do not strictly apply because of the inherent differences between class actions and FLSA actions. *Dashiell, supra,* 2018 WL 3629915, at *3. In *Selk, supra,* 159 F. Supp. 3d. at 1173, the Court restated the *Boeing* factors noted above for use when determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. In considering these factors under a totality of the circumstances approach, a district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA. If after considering these factors the court determines that "the settlement reflects a reasonable compromise over issues that are actually in dispute," then "the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.,* (quoting in part *Lynn's Food Stores, supra,* 679 F.2d at 1354).

In weighing these factors, the Court should bear in mind the strong presumption in favor of finding the settlement fair. *See Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992). The Court should also consider that, "[t]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Garcia v. County of Los. Angeles,* No. CV 15-3549-FMO (VBKx), 2018 WL 3218212, at *4 (C.D. Cal. May 21, 2018) (quoting *Linney v. Cellular Alaska P'ship,* 151 F.3d 1234, 1242 (9th Cir. 1998); *see also Hightower v. JPMorgan Chase Bank, N.A.,* No. CV111802PSGPLAX, 2015 WL 9664959, at *6 (C.D. Cal. Aug. 4, 2015) ("*Hightower*"); *Stevens v. Safeway Inc.,* No. CV0501988MMMSHX, 2008 WL 11496497, at *6 (C.D. Cal. Feb. 25, 2008).

As highlighted below, the factors weigh in favor of finding the settlement "fair and reasonable" because the amounts offered to Plaintiffs are a reasonable compromise of disputed claims.

**F.**     **Discussion**

1.     *Bona Fide Disputes Exist*

As mentioned, before entry of a stipulated judgment, the Court must determine whether there is a "bona fide dispute over FLSA provisions," and then determine whether the settlement agreement proposed is a fair and reasonable resolution of that dispute.  As set forth below, several bona fide disputes exist in this matter.

2.     There is a Bona Fide Dispute As to Whether the City Correctly Classified the Plaintiffs as Exempt Employees under the FLSA

The FLSA presumes that first responders who perform work such as preventing, controlling or extinguishing fires of any type are not exempt employees. 29 C.F.R. § 541.3.  Relying on this, Plaintiffs assert that their duties involve preventing, controlling, or extinguishing fires.  However, Defendant's position is that managerial fire employees such as Battalion Chiefs, are properly classified as exempt employees so long as they meet the salary basis test and they meet the requirements of the executive or administrative exemption.  29 C.F.R. § 541.100. Defendant asserts that it can establish that the Battalion Chiefs meet one or both of these exemptions.

To qualify for either exemption, the employee must be compensated on a salary basis at a rate not less than $684 per week.  To qualify for the executive exemption, the employee's primary duty must be managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise; the employee must customarily and regularly direct the work of at least two or more other full-time employees; and the employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.  29 C.F.R. § 541.100.

To qualify for the administrative exemption, the employee's primary duty must be the performance of office or non-manual work directly related to the management or general business

operations of the employer or the employer's customers and the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.  29 C.F.R. § 541.200.

In the recent case of *Emmons v. City of Chesapeake,* 982 F.3d 245 (4th Cir. 2020) ("*Emmons*"), the court concluded that battalion chiefs are exempt employees.  *Emmons* involved a fire department that consisted of 449 employees with a group of "chief officers" with the following ranks:  the Fire Chief, the Deputy Fire Chief, the Division Chiefs, and the Battalion Chiefs.  *Id.* at 247.  At issue was whether the Battalion Chiefs were properly classified as exempt.  Each Battalion Chief had responsibility for between six and seven company officers and, indirectly, for the thirty-one to forty-six firefighters under them.  *Id.*  The Battalion Chiefs' day-to-day duties included staffing, which consisted of apportioning work and deciding how to allocate personnel, and supervising firefighters, which required training and disciplining them as well as evaluating their performance.  *Id.* at 248.  The Battalion Chiefs responded to approximately one in ten emergencies, which were typically complex emergencies, such as commercial fires, but their role in doing so was to strategize, command, and provide for the safety and welfare of other personnel.  *Id*. at 251.  The court also noted that the Battalion Chiefs' superiors did not work 24 hour shifts, unlike the Battalion Chiefs, and so they operated with very little direct supervision.  *Id*. at 255.  *Emmons* concluded that the Battalion Chiefs were properly classified as exempt.  *Id.* at 247.

Not only have courts determined that fire battalion chiefs are properly classified as exempt, so too has the Department of Labor ("DOL").  In DOL Opinion Letter FLSA2005-40, the DOL determined that due to the managerial functions of the city's battalion chiefs, they were properly classified as exempt.  The battalion chiefs at issue managed the administrative and operational functions of an assigned section of the Fire Department.  They also enforced policies and rules, and supervised personnel.  The battalion chiefs also responded to emergencies and took proper action until relieved by a higher ranking officer, coordinated pre-fire planning, processed reports and records.

It is the City's position that the Battalion Chiefs' duties are to direct, manage, and oversee the Fire Department. Moreover, the City could establish this if the case went to trial.   Pursuant to the job classification, the Battalion Chiefs' primary duties are to manage the Department and not

to engage in actual firefighting operations. (Wilson Declaration ¶ 8)   In fact, Defendants assert that preliminary discovery confirmed that Battalion Chiefs rarely if ever engage in actual firefighting. Rather, if they arrive on scene of a fire, the Battalion Chiefs remain in their command vehicles and allocate resources to the fire.   Thus, both job description and actual conduct on the job confirms they are properly classified.

Additionally, each Battalion Chief often works with little or no supervision on his/her own shift.  They are the only chief officers who work 24 hour shifts and there must be a Battalion Chief on shift at all times.  As such, they are on duty at times when the Fire Chief is not—often 12 hours during a 24 hour shift.   During this time period, they are able to call in air strikes, discipline employees, and manage all aspects of a fire station.  Accordingly, the Battalion Chiefs perform their own duties with little direct supervision.

Each Battalion Chief is responsible for overseeing department-wide projects and spends significant time performing "non-manual" department duties.  Each Battalion Chief has projects that they oversee including EMS, logistics, training, operations, fire prevention, and public education. The Battalion Chiefs are responsible for overseeing these projects for the entire Fire Department as well as coordinating with the other departments in the City and region, when necessary.

Defendant could also show that all Battalion Chiefs are always responsible for supervising both Captains and the other firefighters.  At all times, there is a clear chain of command in the City's Fire Department.  The Battalion Chiefs supervise the Captains and the Captains supervise the lower ranking firefighters.  The Battalion Chiefs are responsible for the performance evaluations of the Captains and the Firefighters.   The Battalion Chiefs are involved in recruitment and promotional examinations and have input regarding hiring and firing decisions.   They are also responsible for coaching, training, and counseling employees.   They are part of the grievance procedure because the Firefighters' grievance procedure provides that firefighters are to bring grievances to their Battalion Chief.   They also have responsibility in other personnel matters. Subordinates address concerns with their superior officers and the Battalion Chiefs communicate with the Fire Chief regarding staff. (Wilson Decl.

On the other hand, it is Plaintiffs' position that Battalion Chief's actively engage in fire-fighter responsibilities and do not fall within the administrative or executive exemption. Specifically, Plaintiffs allege that Battalion Chief's regularly respond to calls for rescuing fire and accident victims; medical calls for services, and regularly carry and use fire suppression and medical equipment.

### 3. There is a Bona Fide Dispute Regarding What Statute of Limitations Applies

Even if Plaintiffs could successfully establish they are misclassified as exempt employees under the FLSA, they have the burden of establishing that a three year, and not a two year, statute of limitations applies. "Successful FLSA plaintiffs can recover for unlawfully withheld overtime pay for two years back from the filing date of a cause of action." *Haro v. City of Los Angeles,* 745 F.3d 1249, 1258 (9th Cir. 2014) (citing 29 U.S.C. § 255(a)). "When a violation is 'willful,' however, the statute of limitations extends to three years." *Id.*; *Flores v. City of San Gabriel,* 824 F.3d 890, 895 (9th Cir. 2016). The three year statute of limitations is the *exception* to the rule. 29 U.S.C. § 255(a). "To show willfulness, a plaintiff must demonstrate that the employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Id.* (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677 (1988).

In *Carlino v. CHG Medical Staffing, Inc.,* 460 F.Supp.3d 959 (E.D.Cal. 2020) ("*Carlino*"), the court held that the employer did not act willfully, and therefore was not subject to a three-year statute of limitations because it followed a position that was adopted by other district courts. Importantly, the court noted that the Ninth Circuit had *not* previously ruled on the issue, and this established that the employer's actions were not willful. *Id.* at 972. Here too, courts, as well as the DOL, have determined that battalion chiefs can be properly classified as exempt. Likewise, the Ninth Circuit has not addressed this issue. Accordingly, it is Defendant's position that Plaintiff will not be able to establish that the City's actions were willful.

It is also Defendant's position that Plaintiff would not be able to establish that Defendant intentionally disregarded any evidence that it was violating the FLSA. *See Scalia v. Emp. Sols. Staffing Grp., LLC,* 951 F.3d 1097, 1102 (9th Cir. 2020) (willfulness found when employer "dismissed the payroll software's repeated warnings that employees might not be receiving earned overtime pay").

It is Defendants' position that it was relying on appropriate legal counsel and carefully classified Battalion Chiefs after evaluation of job duties and actual managerial needs. To date, Plaintiffs have not established any facts regarding intentional misclassification.

As such, which statute of limitations applies is another bona fide dispute in this case. The applicable statute of limitations directly affects the amount of damages Plaintiffs could obtain at trial.

4.    There is a Bona Fide Dispute Regarding Whether Plaintiffs Could Obtain All Liquidated Damages

Employers have a discretionary defense to claims for liquidated damages where the employer can prove that the complained-of act or omission was in good faith and it reasonably believed that its conduct did not violate the FLSA. 29 U.S.C. § 260. Liquidated damages may be avoided if the employer can establish "subjective and objective good faith in its violation of the FLSA." *Local 246 Util. Workers Union of Am. V. S. Cal. Edison Co.,* 83 F.3d 292, 297 (9th Cir. 1996). As explained throughout this motion, the law is not settled as to whether battalion chiefs are exempt employees. Likewise, the inquiry is very fact-specific and can vary between Fire Departments and agencies. Accordingly, if this case was litigated, Plaintiffs may not be awarded liquidated damages.

All of these issues indicate that there are bona fide disputes in this matter and impact the extent of Defendant's FLSA liability in this case. *Beidleman v. City of Modesto,* No. 116CV01100DADSKO, 2018 WL 1305713, at *3 (E.D. Cal. Mar. 13, 2018) (citing three bona fide disputes: (1) disagreement over how to calculate overtime compensation, (2) whether the defendant acted in good faith, and (3) applicability of the statute of limitations and stating that "[a]lthough defendants concede liability under the FLSA, they dispute whether the FLSA violation at issue in this case was willful").

**G.    The Settlement is Reasonable**

An application of the *Selk* factors establishes the fairness and reasonableness of the settlement. Each of the *Selk* factors are discussed individually below.

1.    Plaintiffs' Range of Possible Recovery

Early in this litigation, the City retained economist Nicholas Briscoe. Mr. Briscoe is the Chief Economist at Briscoe Economics Group, Inc. and an expert in forensic economics and accounting.

(Declaration of Nicholas Briscoe ("Briscoe Decl.") ¶ 1.)  Using the City's payroll and time records for each of the Plaintiffs, Mr. Briscoe calculated the alleged overtime wages owed to Plaintiffs for overtime hours worked.  Mr. Briscoe calculated as back pay the alleged unpaid overtime premium for the FLSA overtime hours in question.  (Briscoe Decl. ¶ 6-10.)

Mr. Briscoe calculated the amount of overtime allegedly due to Plaintiffs based on a two-year and three-year statute of limitations, but for purposes of settlement, and given the bona fide disputes set forth above, the Parties agreed to calculate potential damages based on a two-year statute of limitations.  Based on Mr. Briscoe's calculations, if Plaintiffs prevailed at trial, James Mickelson would be owed $30,236.95; Terence Chiros would be owed $13,033.030; Jorge Sanchez would be owed $50,221.88; and Michael Spaulding would be owed $49,006.51 for a total sum of  $142,498.64, before any calculation of liquidated damages.  (Briscoe Decl. ¶ 8-9)

2.    The Stage of Proceedings and Amount of Discovery Completed

The court is also to evaluate the stage of the proceedings and the amount of discovery completed in order to ensure that "the parties carefully investigated the claims before reaching a resolution." *Ontiveros v. Zamora,* 303 F.R.D. 356, 371 (E.D. Cal. 2014). This factor will weigh in favor of approval if the parties have sufficient information to make an informed decision regarding settlement. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

While it is early in litigation, the Parties have sufficient information to make an informed decision regarding settlement.  At the first Early Neutral Evaluation Conference, Defendant agreed to produce to Plaintiffs' wage and hour records that were necessary to evaluate the potential range of discovery.  (Wilson Decl. ¶ 3-6; See Declaration of Jim Cunningham ("Cunningham Decl.") ¶ 12-17.) Likewise, early in litigation, Defendant retained expert, Mr. Briscoe and shared Mr. Briscoe's calculations with the Plaintiffs.  (Wilson Decl. ¶ 3.) The Parties agree that Mr. Briscoe's calculations are accurate calculations of Plaintiffs' potential recovery in this matter.   (Wilson Decl. ¶4; Cunningham Decl. ¶ 18-21.)

During the Early Neutral Evaluation Conferences, the Parties also had lengthy discussions with Judge Major regarding the strengths and weaknesses of their cases.  (Wilson Decl. ¶ 2; Cunningham Decl. ¶ 14.)  Accordingly, the Parties have sufficient information to make an informed

1    decision regarding settlement.  This factor weighs in favor of approval of the settlement.

2                3.        The Seriousness of the Litigation Risks Faced by the Parties

3        Courts favor settlement where "there is a significant risk that litigation might result in a lesser

4    recover[y] for the class or no recovery at all." *Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245,

5    255 (N.D. Cal. 2015).  As set forth thoroughly above, while Plaintiffs certainly believe their claims

6    are meritorious, there are numerous bona fide disputes that establish that the outcome of the litigation

7    is not guaranteed for either party.  This factor, therefore, weighs in favor of approval of the FLSA

8    settlement.

9                4.        The Scope of Any Release Provision in the Settlement

10        "A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit

11    itself." *Slezak,* 2017 WL 2688224, at *5. Expansive release of claims would allow employers to

12    unfairly extract valuable concessions from employees using wages that they are guaranteed by

13    statute. *See Moreno v. Regions Bank,* 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) ("An employee

14    who executes a broad release effectively gambles, exchanging unknown rights for a few hundred

15    or a few thousand dollars to which he is otherwise unconditionally entitled."). Courts are hesitant

16    to approve settlement agreements that release claims that are not directly related to the allegations

17    brought in the case. *See McKeen-Chaplin v. Franklin Am. Mortg. Co.,* No. C 10-5243 SBA, 2012

18    WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012) (rejecting FLSA settlement in part because the release

19    provision exceeded the breadth of allegations in the action and released unrelated claims that

20    plaintiffs may have against defendants); *Daniels v. Aeropostale W., Inc.,* No. C 12-05755 WHA,

21    2014 WL 2215708, at *4 (N.D. Cal. May 29, 2014) (rejecting proposed FLSA settlement in which

22    60 percent of collective action opt-in members did not receive any payment in exchange for a

23    release provision that extended beyond the FLSA limits of the case).

24        Under the release provision in the settlement agreement, the Plaintiffs are agreeing to waive

25    all existing FLSA and California state wage-and-hour claims, which encompass the precise claims

26    asserted by Plaintiffs in the lawsuit. Releases of this sort have been routinely approved by courts.

27    See e.g., *Seguin v. Cty. of Tulare,* 2018 WL 1919823 (E.D. Cal. Apr. 24, 2018); *Slezak*, 2017 WL

28    2688224 (N.D. Cal. June 22, 2017); *Hightower*, 2015 WL 9664959 (C.D. Cal. August 4, 2015).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND JOINT MOTION
'22 CV0487 BAS BLM

5.      The Experience and View of Counsel and the Opinion of Participating Plaintiffs

Plaintiff's have been represented by Will Aitchison of the Public Safety Labor Group ("PSLG"). PSLG is a Portland, Oregon law firm with extensive experience as well as success in handling complex wage-related litigation across the country. Attorney Will Aitchison, who is the author of seven books, including The Fair Labor Standards Act, A User's Manual, now in its fifth edition, has acted as the lead counsel in more than fifty wage and hour lawsuits representing tens of thousands of employees. Aitchison has taught the FLSA to thousands of management and labor representatives and has emphasized labor and employment law as an element of his practice for over 40 years. Some of the past cases handled by Aitchison include *Smith v. City and County of Honolulu* (FLSA lawsuit with 2,200 plaintiffs filed in the District of Hawai'i), *Tamahkera v. Tarrant County* (FLSA lawsuit with 900 plaintiffs filed in the Northern District of Texas), *Becerra v. City of Omaha* (FLSA lawsuit with 800 plaintiffs filed in the District of Nebraska), *Scott v. City of New York* (FLSA lawsuit with over 15,000 plaintiffs filed in the Southern District of New York), as well as dozens of other FLSA collective actions in various jurisdictions around the country. See Declaration of William Aitchison ("Aitchison Decl. ¶ 1-4")

Counsel for Plaintiffs support the settlement, and believe it is a fair and reasonable resolution of disputed claims. (Cunningham Decl. ¶ 28)

The named Plaintiffs in the Settlement Agreement support the settlement. Plaintiff James Mickelson and all the unnamed Plaintiffs also participated in both Early Neutral Evaluation Conferences and were privy to Judge Major's opinions of this matter. Likewise, all Plaintiffs who would be bound by this settlement are parties to it and have agreed to it.

6.      The Possibility of Fraud or Collusion

"The likelihood of fraud or collusion is low . . . [when] the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator." *Slezak*, 2017 WL 2688224, at *5. As set forth above, Judge Crawford facilitated settlement discussions at the Early Neutral Evaluation Conferences. While settlement was not reached at the Early Neutral Evaluation Conferences, they certainly were fruitful and paved the way for the parties to reach an agreement.

Likewise, in *Selk*, the court found that there no was evidence of fraud or collusion. It emphasized that, "A key factor supporting this finding is that the amount of the individual settlement payments to be received by opt-in members is based on an analysis of employee time records and an estimate of the degree of under-compensation during the relevant period....This approach guards against the arbitrariness that might suggest collusion." *Selk, supra,* 159 F. Supp. 3d at 1179. Here too, the settlement payments that Plaintiffs are to receive are individually based.

This settlement also lacks any evidence of more "subtle signs" of collusion, such as "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded." *In re Bluetooth Prods. Liab. Litig.,* 654 F.3d 935, 947 (9th Cir. 2011).

**H.**   **The Attorney Fees and Costs in the Settlement are Reasonable**

**1.**   The Attorneys' Fees Portion of the Settlement is the Amount Actually Accrued by Plaintiffs

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)).

In determining whether an attorneys' fee award is reasonable, courts have requested that the fees be supported by contemporaneous time records setting forth the time expended on the case and hourly rates charged. *McKeen-Chaplin v. Franklin Am. Mortg. Co.,* No. C 10-5243 SBA, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012).

Here, as part of the settlement, Defendant agreed to pay Plaintiffs' attorneys' fees, of $25,000.00. As such, Plaintiffs' counsel have included their time records and fees charged herewith in support of the fee award. (Cunningham Decl. ¶ 33-36; Aitchison Decl. ¶32-35) Further, courts in this Circuit typically approve fee awards that are up to approximately 30% of the settlement amount. *See Beidleman v. City of Modesto,* No. 116CV01100DADSKO, 2018 WL 1305713, at *6 (E.D. Cal. Mar. 13, 2018) (citing numerous cases approving attorneys' fees accounting for up to 47% of the settlement paid to plaintiffs.) Here, the amount of attorneys' fees represents 17.24 % of the settlement payment in this matter. Likewise, the attorneys' fees are in addition to, and not

1    be subtracted from, the amounts being paid to the individual Plaintiffs.  As such, they are reasonable

2    and should be approved.

3    **II.**    <u>**CONCLUSION**</u>

4         For the foregoing reasons, Counsel for the parties respectfully request that the Court

5    approve this Joint Motion and the attached Settlement Agreement.

6    Dated: January 18, 2023               BURKE, WILLIAMS & SORENSEN, LLP

7

8

9                                      By: _Mark Wilson_____

                                    Mark E.  Wilson

10                                  Attorney for Defendant

                                 CITY OF ENCINITAS

11

12    Dated: January 20, 2023              LAW OFFICES OF

                              JAMES J. CUNNINGHAM, A.P.C.

13

14

15                                    By: _____

16                                  James J. Cunningham

                                 Attorney for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Mark Wilson

Timothy L. Davis  (SBN 181532)
E-mail: Tdavis@bwslaw.com
Mark E. Wilson (SBN 264126)
E-mail: mwilson@bwslaw.com
Gena B. Burns (SBN 273777)
E-mail:  gburns@bwslaw.com
Burke, Williams & Sorensen, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612-3520
Tel:  510.273.8780   Fax:  510.839.9104

Attorneys for Defendant
CITY OF ENCINITAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICKELSON on behalf of himself and other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ENCINITAS,<br><br>Defendant. | Case No.  '22 CV0487 BAS BLM<br><br>**DECLARATION OF MARK E.  WILSON IN SUPPORT OF JOINT MOTION TO APPROVE FLSA SETTLEMENT**<br><br>**Courtroom:** 4B<br>**Hearing Date:**     February 21, 2023<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>**District Judge:**  Hon. Cynthia Bashant<br>**Magistrate Judge:**  Hon. Barbara Major |

I, **MARK E. WILSON**, hereby declare as follows:

      1.      I am a Senior Associate with the firm of Burke, Williams & Sorensen, LLP, counsel of record for Defendant City of Encinitas in the above-entitled action.  I am a member in good standing with the State Bar of California since 2009.  I have personal knowledge of the facts set forth in this Declaration and if called as a witness, I could and would testify competently to such facts under oath.

      2.      The Parties participated in two lengthy Early Neutral Evaluation Conferences with Judge Barbra L. Major.  During the Early Neutral Evaluation Conferences, the Parties also had lengthy discussions with Judge Major regarding the strengths and weaknesses of their cases.

3.      The first Early Neutral Evaluation Conference was held on June 8, 2022.  While the Parties did not settle the dispute, the City agreed to provide Plaintiffs with time and payroll data. The City also agreed to provide Plaintiffs with detailed calculations of the Plaintiffs' alleged damages calculated by the City's retained economist, Nicholas Briscoe.  Plaintiffs' counsel also met with Mr. Briscoe to discuss the calculations and methodologies.  Mr. Briscoe reviewed his data with Plaintiffs' counsel and answered their questions.

4.      Defendant agrees that Mr. Briscoe's calculations are accurate calculations of Plaintiffs' potential recovery in this matter.

5.      The second Early Neutral Evaluation Conference was held on September 21, 2022. While Parties did not settle at the Conference, shortly thereafter, they were able to reach a reasonable settlement of the matter.

6.      On January 18, 2023 the parties executed a settlement agreement which will resolve all claims and causes of action in this lawsuit. A true and correct copy of the settlement agreement is attached hereto as **Exhibit 1**.

7.      Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's compliant filed in Case No. 22-cv-0487-BAS-BLM.

8.      Attached hereto as **Exhibit 3**, is a true and correct copy of the City of Encinitas Fire Battalion Chief's Job Description.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 19th day of January, 2023 at Oakland, California.


_____
Mark E. Wilson

# Exhibit 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*JAMES MICKELSON on behalf of himself and other similarly situated individuals*
*v.*
*CITY OF ENCINITAS*
Case No. '22 CV0487 BAS BLM

IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by Defendant CITY OF ENCINITAS (Hereafter "Defendant" or "City") and Plaintiffs JAMES MICKELSON, TERENCE CHIROS, JORGE SANCHEZ, AND MICHEAL SPAULDING (Collectively "Plaintiffs" and individually "Plaintiff"). Plaintiffs and Defendant are collectively referred to as "the Parties" and individual as a "Party."

## RECITALS

A.    WHEREAS, on April 8, 2022, Plaintiff James Mickelson and three other similarly situated individuals employed or formerly employed by the City filed a complaint in the U.S. District Court for the Southern District of California, Case No. '22 CV0487 BAS BLM ("Action").

B.    WHEREAS, Plaintiffs are current or former employees of City and filed the Action on behalf of themselves and all similarly situated individuals as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") and sought recovery of unpaid overtime wages and liquidated damages based on a three-year statute of limitations, as well as attorneys' fees and costs.

C.    WHEREAS, the Action alleges the City violated the FLSA by failing to pay Plaintiffs the full amount due for all overtime hours worked. Specifically, Plaintiffs are or were employed by the City as Battalion Chiefs in the City's Fire Department. The City believes that the Battalion Chiefs manage the City's Fire Department and supervise other employees, has classified them as exempt employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and has not paid them overtime pay for certain overtime hours worked. The Plaintiffs assert that they are improperly classified as exempt employees and seek all wages they are allegedly owed.

D.    WHEREAS, the City timely answered the Plaintiff's complaint, generally denying all allegations and asserting multiple affirmative defenses.

1

*JAMES MICKELSON on behalf of himself and other similarly situated individuals*
*v.*
*CITY OF ENCINITAS*
Case No. '22 CV0487 BAS BLM

E.      WHEREAS, the Parties engaged in informal discovery regarding Plaintiffs' claims. The Parties participated in two Early Neutral Evaluation Conferences. During the first Conference, the City agreed to produce payroll and time records for all Plaintiffs. After which, Plaintiffs' counsel conferred with the City's retained expert to question him regarding his work product and calculations and to request additional details, changes, and corrections, as necessary, to arrive at a set of calculations which all Parties believed in good faith represent a correct determination of each Plaintiffs' potential damages based upon Plaintiffs' claims and City's defenses.

F.      WHEREAS, in an effort to resolve the issues raised in the Action, the Parties have engaged in extensive settlement discussions, including two lengthy Early Neutral Evaluation Conferences with Judge Barbara L. Major held on June 2, 2022 and September 21, 2022.

G.      WHEREAS, the Parties wish to avoid the potential uncertainty, expense, and delay of litigation and therefore, based on their extensive negotiations, agree to a settlement of these disputes. The Parties have considered that the interests of all concerned are best served by compromise and have concluded that the terms of this Agreement are fair, reasonable, adequate and in their mutual best interests.

H.      WHEREAS, to the extent there may be monies owed to Plaintiffs pursuant to the FLSA, the Parties acknowledge there is a genuine good faith dispute over, among other things, whether the Plaintiffs are or were properly classified as exempt employees under the FLSA, whether a two-year or three-year statute of limitations applies to the claims, and whether the Plaintiffs would be entitled to liquidated damages.

I.      WHEREAS, the recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into the Agreement. This Agreement affects claims and demands, which are disputed, and by executing this Agreement, the City neither admits nor concedes any of the claims. The City expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be, nor shall be, admissible in any proceeding as evidence of, or as an admission by, the City of any violation of law or any wrongdoing whatsoever, This document may be introduced in a proceeding to enforce the terms of the Agreement.

J.      WHEREAS, without admitting to any fault, wrongdoing, or liability, the Parties now desire to resolve all of the outstanding issues in the Action, and to that end, enter into this Agreement.

2

*JAMES MICKELSON on behalf of himself and other similarly situated individuals*
*v.*
*CITY OF ENCINITAS*
Case No. '22 CV0487 BAS BLM

NOW, THEREFORE, the Parties hereto agree, warrant, and represent as follows:

<u>**TERMS**</u>

1.    <u>**RESOLUTION OF PLAINTIFFS' CLAIMS.**</u>

    a.    The City shall pay an amount of $145,000.00, as outlined in subsection b, as the "Settlement Amount." The allocation of the total Settlement Amount is described below. Although the Parties do not agree that there is liability regarding Plaintiffs' claims, for purposes of this Agreement, the Settlement Amount represents the agreed upon amount for all compensation allegedly owed to all Plaintiffs and all amounts allegedly owed for liquidated damages, and arising from an alleged three-year statute of limitations, and any and all other damages or relief recoverable in the Action, including attorneys' fees and costs.

    b.    Within thirty (30) days of the Effective Date of this agreement, each individual Plaintiff will be issued one check by the City in the amount itemized in subsections (i) – (iv). City will issue Internal Revenue Service Form 1099 to each Plaintiff for payments issued in the following amounts:

        i.    One check shall be made payable to James Mickelson in the amount of $26,108.22.

        ii.    One check shall be made payable to Terrence Chiros in the amount of $12,373.71.

        iii.    One check shall be made payable to Jorge Sanchez in the amount of $47,667.74.

        iv.    One check shall be made payable to Michael Spaulding in the amount of $58,850.33.

    The aforementioned checks will be sent to Plaintiff's Attorney of Record.

3

*JAMES MICKELSON on behalf of himself and other similarly situated individuals*
*v.*
*CITY OF ENCINITAS*
Case No. '22 CV0487 BAS BLM

c. <u>Attorney's Fees and Costs</u>. Within 30 calendar days of the Effective Date of this Agreement, the City will pay $25,000.00, representing reasonable attorney fees and costs, to the Public Safety Labor Group and the Law Offices of James J. Cunningham A.P.C. Except as otherwise expressly provided herein, each Party shall be responsible for the payment of their own costs, attorneys' fees, and all other expenses incurred in connection with the Action, the settlement of the Action, and the preparation and execution of this Agreement. The entire $25,000.00 will be sent in a single check to the Law Offices of James J. Cunningham.

d. <u>Retro-Active Pay:</u> Within 30 calendar days of the Effective Date of this agreement, the City will provide Plaintiffs having worked as Shift BCs from October 16, 2022 through January 1, 2023 with retro-active half time (.5) pay for overtime worked in which Plaintiffs have already been paid straight time compensation. Administrative Battalion Chiefs, and those working performing "Non-Shift" positional work are not eligible for the additional retro-active half time pay. The complete Retro-Active Payment for the Plaintiffs is as follows:

a. James Mickelson no monies owed/no longer employee.

b. Terrence Chiros no monies owed/no longer employee.

c. Jorge Sanchez will receive $1,067.56

d. Michael Spaulding will receive $5,551.61

The above amount will be issued minus applicable taxes and shall be reflected on a W-2 IRS Form. The Retro-Active Pay reflects all compensation owed for any pay related to overtime worked from October 16, 2022 through January 1, 2023. Beginning January 1, 2023, and subject to change at the sole discretion of the City, Shift BC's will receive (.5) for any overtime worked in excess of regular scheduled hours for overtime hours worked as a Shift BC. Plaintiffs specifically agree that no other money is owed for any hours worked prior to the Effective Date.

2. **TAX CONSEQUENCES.**

The City makes no representation regarding any taxes due or owing with respect to the payments to each Plaintiff. By accepting his or her payment, Plaintiffs agree to indemnify and hold harmless the City for any taxes due or owing by them with respect to such payments and/or taxes, penalties, or interest owed by the City for the failure to withhold such payments.

3.    **EFFECTIVE DATE.**

The Effective Date of this Agreement ("Effective Date") shall be the date the Court's entry of judgment approving this agreement.

4.    **DISMISSAL OF LITIGATION.**

Each of the Plaintiffs will dismiss with prejudice the Action and will withdraw or dismiss any other complaint, claim, grievance, or charge for overtime compensation that he/she has filed against the City up to the date of the last of Plaintiffs' signatures on this agreement. If for any reason the Court declines to enter and approve this Agreement, the Parties shall promptly meet and confer in good faith to prepare a settlement agreement acceptable to the Court.

5.    **RELEASE OF ALL CLAIMS.**

Plaintiffs accept this settlement and understand that upon approval from the Court, each Plaintiff shall be deemed to have fully, finally, and forever released Defendant City of Encinitas its constituent departments, commissions, agencies, boards, predecessors, successors, subsidiaries, related entities, and current and former elected officials, officers, directors, trustees, agents, employees, attorneys, and assigns, past present or future (collectively, "Releasees"), from all "Released Claims" as defined below, excluding the claims and allegations set forth in the Action. The Parties further stipulate that following entry of judgment, the Parties, including all Plaintiffs, shall be bound by the Judgment and barred and collaterally estopped from subsequent litigation of all issues which were or could have been raised in the Action.

"Released Claims" shall mean any and all wage-and-hour and overtime pay-related claims under the Fair Labor Standards Act, California law, or tort or contract theories, which accrued or could have accrued through the Effective Date of this Agreement, and that were or could have been asserted in the Action, including without limitation, failure to pay overtime, failure to properly calculate the regular rate, failure to pay wages for all hours worked, minimum wage violations, failure to timely pay final wages or other wages, failure to provide meal and rest breaks, failure to keep/maintain, and furnish accurate itemized wage statements, and including but not limited to any and all claims for recovery of overtime wages, overtime pay, minimum wage, premium pay, penalties, interest and/or liquidated damages under the FLSA, the California Industrial Welfare Commission Wage Orders, and/or claims under the California Labor Code, the Private Attorneys General Act, claims under any and all city and or county Living Wage Ordinances or Minimum Wage Ordinances, all waiting time penalties that could have been sought in the Action, claims for interest, litigation and other costs, expenses, restitution, and equitable and declaratory relief, and violations of the California Business & Professions Code, including but not limited to Section 17200, et seq., and claims for attorneys' fees and costs in litigating the case subject to this Agreement.

5

6.    **NO ADMISSIONS.**

This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other Party or any third party. Neither this Agreement nor any part of this Agreement shall be construed to be an admission of by any Party of any violation of law or of any lack of conformity with the FLSA, nor shall this Agreement nor any part of it, nor any settlement negotiations or earlier drafts of this Agreement, be admissible in any proceeding as evidence of such an admission. This document may be introduced in a proceeding solely to enforce the terms of this Agreement, and may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the Released Claims.

Defendant specifically denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief, and all other forms of relief sought in this Action. Defendant has agreed to resolve the Action via this Agreement, but to the extent the Agreement is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegation in the Action upon all procedural, merit, and factual grounds, including without limitation the ability to assert all available privileges and potential defenses. Plaintiffs agree that Defendant retains and reserves these rights and agree not to argue or present any argument, and hereby waive any argument, that based on this Agreement, Defendant cannot assert privileges or potential defenses if this Action were to proceed.

Similarly, to the extent this Agreement is deemed void or the Effective Date does not occur, Plaintiffs do not waive, but rather expressly reserve, all rights to prosecute all claims and allegation in the Action upon all procedural, merit, and factual grounds. Defendant agrees that Plaintiffs retain and reserve these rights, and Defendant agrees not to argue or present any argument, and hereby waives any argument, that this Agreement establishes any facts or bars any claims if this Action were to proceed.

7.    **WARRANTY OF NON-ASSIGNMENT.**

The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

8.    **NO UNWRITTEN REPRESENTATIONS.**

Each Party represents that in executing this agreement, the Party does not rely upon and has not relied upon any representation, promise, or statement not expressly contained herein.

6

*JAMES MICKELSON on behalf of himself and other similarly situated individuals*
*v.*
*CITY OF ENCINITAS*
Case No. '22 CV0487 BAS BLM

9.    **COMPLETE AGREEMENT.**

This Settlement Agreement and General Release is the complete Agreement between the Parties and supersedes any prior agreements or discussions between the Parties.

10.    **CALIFORNIA AND FEDERAL LAW.**

This Agreement is executed and delivered in the State of California, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California and to the extent necessary in accordance with federal law.

11.    **INTERPRETATION AND CONSTRUCTION.**

Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein or have had equal opportunity to do so. This Agreement has been arrived at through negotiation and none of the Parties is to be deemed the Party which prepared this Agreement or caused any uncertainty to exist within the meaning of California Civil Code section 1654. The headings used herein are for reference only and shall not affect the construction of the Agreement.

12.    **BREACH, WAIVER AND AMENDMENT.**

No breach of the Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this Agreement. This Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

13.    **NO IMPACT ON ANY OTHER ENTITLEMENTS.**

Neither the Agreement nor any amounts paid under the Agreement will modify any previously credited hours or service under any employee benefit plan, policy, or bonus program sponsored by Defendant. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under Defendant's sponsored benefit plans, policies, or bonus programs. The payments made under the terms of this Agreement shall not be applied retroactively, currently, or on a going forward basis, as salary, earnings, wages, or any other form of compensation for the purposes of Defendant's benefit plans, policies, or bonus programs.

7

*JAMES MICKELSON on behalf of himself and other similarly situated individuals*
*v.*
*CITY OF ENCINITAS*
Case No. '22 CV0487 BAS BLM

14. **AUTHORITY TO EXECUTE.**

Each Party hereto warrants to the other Parties that he/she has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

15. **COUNTERPARTS.**

This Agreement may be executed by the Parties in any number of counterparts, all of which taken together shall be construed as one document.

16. **DUTY TO ACT IN GOOD FAITH.**

The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement.

17. **AGREEMENT CONTINGENT ON APPROVAL OF ALL PLAINTIFFS.**

The Parties understand and agree that this Agreement is intended to resolve all claims brought by each Plaintiff against Defendant in this action. This Agreement is contingent upon all Parties—including each Plaintiff and the designated representative of Defendant—executing this Agreement.

18. **BINDING ON SUCCESSORS AND ASSIGNS.**

This Agreement and all documents referred to herein shall bind and inure to the benefit of each of the Parties hereto, their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors, and assigns.

19. **NO THIRD-PARTY BENEFICIARIES.**

Except as expressly provided herein, this Agreement is not for the benefit of any person not a party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third-party beneficiary contract.

20. **TIME FOR PERFORMANCE.**

Upon the Court's approval of this Agreement, within 30 days of the Effective Date, the City will issue checks to each Plaintiff and their attorney in the amounts specified in this Agreement.

8

21.    **AGREEMENT SIGNED KNOWINGLY AND VOLUNTARILY AFTER OPPORTUNITY TO CONSULT WITH COUNSEL.**

The Parties understand and agree to this Agreement and to the terms and conditions contained herein and enter into this Agreement knowingly and voluntarily. Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, and have had the opportunity to consult with counsel. The Parties have investigated the facts pertaining to this Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied on their judgment, belief, knowledge, understanding, and expertise after consultation with their counsel concerning the legal effect of the Agreement and its terms.

22.    **SAVINGS CLAUSE.**

If any term, condition, provision or part of this Agreement is determined to be invalid, void or unenforceable for any reason, the remainder of this Agreement will continue in full force and effect.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and Release.

Dated:    January 18, 2023        By: _____
                                     James Mickelson

Dated:    January 18, 2023        By: _____
                                     Terence Chiros

Dated:    January 18, 2023        By: _____
                                     Jorge Sanchez

Dated:    January 18, 2023        By: _____
                                     Michael Spaulding

Dated:    January ___, 2023

LAW OFFICES OF JAMES J.
CUNNINGHAM, A.P.C.

By: _____
James Cunningham
Attorneys for Plaintiff
JAMES MICKELSON on behalf of
himself and other similarly situated
individuals

And

Dated:    January ___, 2023

PUBLIC SAFETY LABOR GROUP

By: _____
William B. Aitchison

Dated:    January ___, 2023

CITY OF ENCINITAS

By: _____
Pam Antil
City Manager
City of Encinitas

Dated:    January __18__, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Tim Davis
Attorneys for Defendant
City of Encinitas

10

*JAMES MICKELSON on behalf of himself and other similarly situated individuals*
*v.*
*CITY OF ENCINITAS*
Case No. '22 CV0487 BAS BLM

# Exhibit 2

AO 441    Summons in a Civil Action

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

James Mickelson, on behalf of himself and other
similarly situated individuals

E-22-012

Civil Action No.  22cv0487-BAS-BLM

*Plaintiff*

**V.**

City of Encinitas

CITY OF ENCINITAS
CITY CLERK
2022 APR 12 AM 10:41

*Defendant*

### SUMMONS IN A CIVIL ACTION

To:  *(Defendant's name and address)*

City of Encinitas
505 S. Vulcan Ave.
Encinitas CA, 92024

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an office or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) - You must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

James Joseph Cunningham
10405 San Diego Mission Road, Suite 200
San Diego, CA 92108
858-693-8833

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Date:  _____4/8/22_____



John Morrill
*CLERK OF COURT*
S/            T. Hernandez
_____
*Signature of Clerk or Deputy Clerk*

AO 441    Summons in a Civil Action                                                                              (Page 2)

Civil Action No.  22-cv-00487-BAS-BLM                          Date Issued:        4/8/22

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(1))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

    ☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

    ☐ I left the summons at the individual's residence or place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

    ☐ I served the summons on *(name of the individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____; or

    ☐ I returned the summons unexecuted because _____; or

    ☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                       *Server's Signature*

                                              _____
                                                  *Printed name and title*

                                              _____
                                                  *Server's address*

---

### NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

James J. Cunningham (SBN 128974)
Law Offices of James J Cunningham
10405 San Diego Mission Rd., Ste. 200
San Diego, CA 92108
Tel. (858) 693-8833
JJC@jimcunninghamlaw.com

William B. Aitchison (SBN 770095) (pro hac vice motion forthcoming)
Public Safety Labor Group
3021 NE Broadway Street
Portland, OR, 97232
Tel. (866) 486-5556
Will@PSLGlawyers.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICKELSON on behalf of himself and other similarly situated individuals,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF ENCINITAS,<br><br>        Defendant. | Case No.: **'22 CV0487 BAS BLM**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216** |

## PRELIMINARY STATEMENT

1.  Plaintiffs are or were employed by Defendant City of Encinitas ("Defendant" or "the City") bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.* to recover unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, reasonable attorney fees, and other relief.

2.  This action arises from Defendant's failure to properly calculate the "regular rate" of pay used to calculate Plaintiffs' overtime compensation under the FLSA and its failure to properly compensate employees for compensatory time off.

## JURISDICTION AND VENUE

3.      Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1331 and 29 U.S.C. Section 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. Sections 207 et seq. Venue lies within this district pursuant to 28 U.S.C. Section 1391.

## PARTIES

4.      Plaintiffs are current and former employees of Defendant. Plaintiffs are or were "employees" within the meaning of 29 U.S.C. Section 203(e) and entitled to the rights, protections, and benefits of the FLSA.

5.      Defendant is a political subdivision of the State of California. Defendant is an "employer" within the meaning of 29 U.S.C. Section 203(d), an "enterprise" under 29 U.S.C. Section 203(r), and a "public agency" within the meaning of 29 U.S.C. Section 203(x). Defendant employs or employed the Plaintiffs.

## COLLECTIVE ACTION

6.      Plaintiffs bring this action on behalf of themselves and other similarly situated individuals who are or were non-exempt employees in Defendant's Fire Department at any time during the three years preceding the filing of this action and were deprived of their complete statutorily required overtime compensation as described in this Complaint.

7.      Pursuant to 29 U.S.C. Sections 216(b) and 256, the named Plaintiff has executed and hereby files with the Court his consent in writing to become party Plaintiff in this action (Exhibit A). When other similarly situated individuals join this action, their consents will be filed with the Court. The written consent forms identify each Plaintiff by name and reflect their intent to be a party to this lawsuit.

## FACTUAL ALLEGATIONS

8.      Plaintiffs and all similarly situated individuals are or were non-exempt employees of Defendant during the three years preceding the filing of this action.

9.     At all times relevant herein, Defendant required or suffered or permitted Plaintiffs to work overtime hours under 29 U.S.C. Section 207.

10.     Plaintiff and all similarly situated individuals regularly respond to, and participate in, calls for rescuing fire and accident victims.

11.     Plaintiff and all similarly situated individuals regularly respond to calls for responding to, and participating in, medical calls for service, (as fully certified Paramedics and/or EMT's).

12.     Plaintiff and all similarly situated individuals regularly carry and use fire suppression and medical equipment kept and maintained in their Department vehicles.

13.     At all times relevant herein, Defendant required or suffered or permitted Plaintiff to work overtime hours under 29 U.S.C. Section 207.

14.     At all times relevant herein, Defendant improperly treated employees of its Fire Department who held the rank of battalion chief as exempt from overtime compensation under the FLSA. For that reason, Defendant failed to compensate Plaintiff for all overtime hours worked at time and one-half their regular rates of pay.

### Liquidated Damages and Willfulness

15.     Defendant's failure to properly compensate Plaintiff for overtime hours worked was neither reasonable nor in good faith.

16.     Defendant's failure to properly compensate Plaintiff and all similarly situated individuals for overtime hours worked was a willful violation of the FLSA.

### FIRST COUNT

**Violation of 29 U.S.C. Section 207(a)- The Failure to Compensate Plaintiffs For Overtime Hours Worked**

17.     Plaintiffs incorporate by reference paragraphs 1 through 16, inclusive, as though set forth herein.

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - 3

18.     Defendant required, suffered or permitted Plaintiff and all similarly situated individuals to work overtime, but failed to properly compensate Plaintiff and similarly situated individuals at time and one-half the "regular rate" of pay.

19.     Defendant's failure to compensate Plaintiff and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

20.     Defendant's failure to compensate Plaintiff and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiff and all similarly situated individuals are entitled to damages and liquidated damages as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

21.     The employment and work records for Plaintiff and similarly situated individuals are in the exclusive possession, custody and control of the City, and Plaintiff are unable to state at this time the exact amounts owing to them. The City is under a duty imposed by the FLSA, 29 U.S.C. Section 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and all similarly situated individuals pray for judgment as follows:

1.     Recovery of monetary damages in the form of unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation, plus prejudgment and post-judgment interest;

2.     A determination that Defendant willfully violated the FLSA thereby entitling Plaintiffs and all similarly situated individuals to recover monetary damages for a three-year period preceding the filing of this action;

3.     A complete and accurate accounting of all compensation to which Plaintiffs and all similarly situated individuals are entitled;

4.     For reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b);

COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT - 4

1        5.       For costs of suit incurred herein, and

2        6.       For such other and further relief as the Court deems just and proper.

4  Dated April 8, 2022        **LAW OFFICES OF JAMES J. CUNNINGHAM, APC**

                       James J. Cunningham, Esq.

                       *Attorney for Plaintiff(s)*

# EXHIBIT A

### CONSENT TO JOIN ACTION
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))
### LITIGATION ENTITLED:
### *MICKELSON, ET AL. v. CITY OF ENCINITAS*

I, ___James Mickelson_____, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *James Mickelson, et al. v. City of Encinitas* filed on __April 1, 2022__ in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Encinitas failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of Encinitas during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of Encinitas pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC and the Public Safety Labor Group, LLC as legal counsel to represent me for all purposes in this action.


_James Mickelson_____
Signature:

_James Mickelson_____
Printed Name

_mickelfish1@aol.com_____
Email Address

_April 1, 2022_____  _____
Date

Case 3:22-cv-00487-BAS-BLM    Document 1    Filed 04/08/22    PageID.8    Page 1 of 2

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| JAMES MICKELSON, on behalf of himself and other similarly situated individuals | City of Encinitas |
| **(b)**  County of Residence of First Listed Plaintiff   San Diego<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   San Diego<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(C)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br><br>SEE ATTACHMENT | Attorneys *(If Known)* |

**'22CV0487 BAS BLM**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>Plaintiff | ☒ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>Defendant | ☐ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☒ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>    Act of 2016<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>    (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 216

Brief description of cause:
Failure to pay overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $                            CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*                  JUDGE _____   DOCKET NUMBER _____

DATE
April 8, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# ATTACHMENT

Plaintiff Attorney:

James J. Cunningham (SBN 128974)
Law Offices of James J Cunningham, APC
10405 San Diego Mission Rd., Ste. 200
San Diego,CA 92108
Tel. (619) 819-9288
Email: JJC@jimcunninghamlaw.com


Additional Plaintiff Attorney:

William B. Aitchison (SBN 770095)
(pro hac vice motion forthcoming)
Public Safety Labor Group
3021 NE Broadway Street Portland, OR, 97232
Tel. (866) 486-5556
Fax. (866) 401-2201
Email: Will@PSLGlawyers.com

1    The following employees or former employees of the defendant CITY OF ENCINITAS

2   consent join this action:

3

4       1. Jorge Sanchez

5       2. Terence Chiros

6       3. Michael Spaulding

7

8       The above-listed employees consent to their inclusion as party plaintiffs in this action as

9   noted in the executed iConsent to Join Actionî attached hereto as Exhibit B.

10

11   Dated: April 11, 2022                    **LAW OFFICES OF JAMES J. CUNNINGHAM, APC**

12

13                                            _____

14                                            James J. Cunningham
                                              Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT TO JOIN ACTION - 2

# EXHIBIT B

**CONSENT TO JOIN ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**
**LITIGATION ENTITLED:**
*MICKELSON, ET AL. v. CITY OF ENCINITAS*

I, _Jorge E. Sanchez_ , of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *James Mickelson, et al. v. City of Encinitas* filed on _April 8, 2022_ in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Encinitas failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of Encinitas during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of Encinitas pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC and the Public Safety Labor Group, LLC as legal counsel to represent me for all purposes in this action.

_____
Signature

_Jorge E. Sanchez_
Printed Name

_jsan2@2@gmail.com_
Email Address

_April 04, 2022_
Date

**CONSENT TO JOIN ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))**
**LITIGATION ENTITLED:**
*MICKELSON, ET AL. v. CITY OF ENCINITAS*

I, _Terence L. Chiros_ , of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *James Mickelson, et al. v. City of Encinitas* filed on _April 8, 2022_ in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Encinitas failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of Encinitas during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of Encinitas pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC and the Public Safety Labor Group, LLC as legal counsel to represent me for all purposes in this action.

_Terence L. Chiros_
Signature

_Terence L. Chiros_
Printed Name

_tcgolf2@gmail.com_
Email Address

_04/01/22_
Date

CONSENT TO JOIN ACTION
(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))
LITIGATION ENTITLED:
*MICKELSON, ET AL. v. CITY OF ENCINITAS*

I, _MICHAEL SPAULDING_, of San Diego County, State of California, hereby consent to become a party to the litigation action entitled *James Mickelson, et al. v. City of Encinitas* filed on April 8, 2022 in the Southern District Court of California under the Fair Labor Standards Act (FLSA). The lawsuit alleges that the City of Encinitas failed to properly compensate its employees for overtime hours worked and failed to make timely payments to its employees for overtime hours worked. I am, or was, employed by the City of Encinitas during some or all of the period in the three years preceding the signing of this Consent. This action has been brought on my behalf and on the behalf of similarly situated employees of the City of Encinitas pursuant 29 U.S.C. § 216 (b) of the FLSA. Unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief are sought in the action.

I hereby designate the Law Offices of James Cunningham, APC and the Public Safety Labor Group, LLC as legal counsel to represent me for all purposes in this action.

_____
Signature

_MICHAEL SPAULDING_
Printed Name

_M. SPAULDING 1@ YAHOO.com_
Email Address

_3/31/2022_
Date

# Exhibit 3

# City of Encinitas
## Class Title: **Fire Battalion Chief**

**Class Summary:**

Under general direction, performs management, technical and administrative work in commanding and coordinating fire emergency and non-emergency operations, EMS, training, recruitment, public education, community relations, communication, facility/equipment maintenance, fire prevention, and other related programs and services; provides responsible and technical staff assistance; implements program goals and objectives; oversees, directs and supervises assigned staff.

| Department: | Accountable to: | FLSA Status: |
|---|---|---|
| Fire | Deputy Fire Chief | Exempt |

**Distinguishing Characteristics:**

The Fire Battalion Chief is the fourth level of a six level fire safety series. The Fire Battalion Chief is distinguished from the Fire Captain by administrative responsibilities for an assigned functional area.

**Essential Duties:** (These duties are a representative sample; position assignments may vary.)

1. Functions as a Shift Commander, with primary responsibility to assure that assigned personnel, apparatus, equipment, and facilities are maintained in appropriate readiness and fully prepared to respond to a variety of emergency calls for service.

2. This position may include an administrative assignment on a non-shift schedule (9/80 schedule) in an area of functional responsibility (EMS, Training, etc.)

3. Supports the Vision, Goals, Direction, and Leaders Intent of the Fire Chief and the Organization. Is an active participant in the progress and advancement of the Department, City, and Profession.

4. Directs, manages, supervises, and coordinates the activities and operations of an assigned shift within the Fire Department including operations, training, recruitment, facility/equipment maintenance, EMS, public education, fire prevention, community relations and related programs. Visits fire stations to keep assigned shift personnel informed on departmental operations, programs and activities and exchanges information with station personnel.

5. Serves as Duty Chief for assigned shift; responds to emergency incidents as required by departmental policy and assumes command of incident unless relieved of command by a superior officer.

6. May be assigned management responsibility for assigned programs and activities including operations, training, recruitment, facility/equipment maintenance, EMS, public education, community relations and related programs and services.

7. Coordinates activities among assigned fire stations and personnel, as well as activities with other shifts, divisions, departments, and outside agencies.

8. Manages and participates in the development and implementation of goals, objectives, policies, procedures and priorities for departmental programs and services; recommends and administers orders, rules, policies and procedures.

# City of Encinitas
## Class Title: **Fire Battalion Chief**

9. Works with assigned shift personnel on the development of emergency response plans, such as those designating "target hazards", addressing special and unusual situations and complex areas requiring a specialized response.

10. Monitors and evaluates the efficiency and effectiveness of service delivery methods and procedures; recommends, within departmental policy, appropriate service and staffing levels.

11. Plans, directs, coordinates, and reviews the work plan for assigned shift; assigns work activities, projects, and programs; instructs fire personnel in specific procedures and protocols as needed, reviews and evaluates work products, methods, and procedures; provides assistance and ensures completion of fire inspections; meets with staff to identify and resolve problems; develops methods, techniques and program improvements.

12. Participates in the hiring and evaluation of assigned personnel; prepares performance evaluations of Company Captains and reviews evaluations for shift personnel as assigned; conducts and/or assists with personnel investigations; recommends and implements discipline and termination procedures.

13. Assists in the purchasing, maintenance, and inventory of all fire related equipment, vehicles, and property including communication equipment, vehicles and related equipment, and safety equipment.

14. Trains fire personnel in the use of a variety of fire equipment, station equipment and communication equipment as necessary.

15. Prepares a variety of public information materials; conducts or has subordinates conduct public information/education classes; makes public presentations before civic, business and educational groups as needed.

16. Serves as the liaison for assigned shift to other shifts, divisions, departments, and outside agencies; works with other internal departments and staff to further organizational goals and to work as a team; negotiates and resolves sensitive and controversial issues.

17. Serves as staff on a variety of boards, commissions, and committees; prepares and presents staff reports and other necessary correspondence.

18. Performs research and prepares written policies, procedures and manuals of operation.

19. Attends and participates in professional group meetings; stays abreast of new trends and innovations in the field of fire suppression, training, and EMS; attends conferences and meetings related to all Fire Department functions and matters.

20. Prepares and maintains accurate reports, data, and records; reviews and approves incident reports prepared by Company Captains.

21. Responds to and resolves difficult and sensitive citizen inquiries and complaints.

# City of Encinitas
## Class Title: Fire Battalion Chief

22. May assume the duties of a superior Chief Officer in their absence when necessary.

23. Assures City health and safety guidelines are followed and exercises discretion to ensure a safe working environment is maintained.

24. Regularly operates tools and equipment related to the command and management of Fire Department activities, including staff and command vehicles, personal protective equipment and mobile data computers.

25. Performs other related duties as required.

**Knowledge** (position requirements at entry):
Knowledge of:
- Fire ground tactics and strategy
- Emergency incident management, specifically the Incident Command System (ICS)
- Principles of incident safety
- Automatic and mutual aid agreements
- Hazardous materials incident management
- Confined space and technical rescue techniques
- Principles and practices of program development and administration
- Principles and practices of training program development and implementation
- Fire science theory, principles, and practices and their application to a wide variety of emergency service operations including fire suppression, fire prevention, and fire investigation
- Operational characteristics of fire apparatus and equipment including Code 3 driving techniques
- Maintenance requirements of fire apparatus and equipment; modern fire loss and fire prevention principles, methods and practices
- Principles and practices of emergency management; geography and street layout of the City and surrounding area
- Laws and regulations pertaining to fire and emergency medical services operations
- Vehicle operation, personal protective equipment
- Office procedures, methods, and equipment including computers and applicable software applications such as word processing, spreadsheets, and databases
- Departmental Policy and Procedures, Operations Manual
- Principles of supervision, training, and performance evaluation; pertinent federal, state, and local laws, codes, and regulations
- Algebraic and arithmetic computations
- English usage, spelling, grammar, and punctuation
- Principles and practices of customer service

**Skills** (position requirements at entry):
Skill in:
- Work extended hours and days to meet operational needs;
- Oversee, direct, and coordinate the work of lower level staff
- Oversee and participate in the management of fire suppression, emergency medical services, and training; perform competently in dynamic, highly stressful situations
- Command fire department staff and operate vehicles and radios

# City of Encinitas
## Class Title: **Fire Battalion Chief**

- Select, supervise, train, and evaluate staff; effectively work with contractors and manage contract agreements
- Analyze problems, identify alternative solutions, project consequences of proposed actions and implement recommendations in support of goals
- Participate in the development and administration of department goals, objectives and procedure
- Prepare clear, concise and accurate records and reports
- Meet and deal tactfully and effectively with the public in all types of situations
- Collect, analyze and evaluate data and be able to prepare and deliver clear and concise written and oral management reports
- React quickly and calmly in all types of emergency situations
- Make accurate observations and exercise sound judgment, resourcefulness, leadership and discretion in situations requiring immediate action
- Speak effectively before public gatherings
- Research, analyze and evaluate new service delivery methods and techniques
- Maintain appropriate time management to meet strict work project deadlines
- Operate modern office equipment, computers and software systems
- Interpret and apply federal, state and local policies, laws and regulations
- Demonstrate an awareness and appreciation of the cultural diversity of the community
- Communicate clearly and concisely, both orally and in writing
- Work cooperatively with other departments, City officials, and outside agencies
- Establish and maintain effective working relationships with those contacted in the course of work.
- Communication, interpersonal skills as applied to interaction with coworkers, supervisor, the general public, etc. sufficient to exchange or convey information and to receive work direction.

**Training, Education, and Experience:**
- By January 1, 2018 an Associate's Degree (in any related field) will be required to promote to this position. **A Bachelor's degree will be required to test or promote to this level after January 1, 2020**
- Must have a minimum seven (7) years full-time paid fire service experience with a recognized fire agency providing a full range of urban fire protection services.
- Three (3) of the 7 years of service must be at the supervisory level of Company Officer or above.

**Licensing/Certificate Requirements** (position requirements):
- Possess a Class C (Firefighter Endorsement) California driver's license with satisfactory driving record
- State Certified as a Hazardous Material Incident Commander (or obtain within 1 year of position)
- State Certified Chief Officer **or** qualified to open a Position Task-book for Chief Officer within 1 year of promotion. (Required to **test** for the position after Jan. 1, 2019)
- FEMA IS-700 and IS-800 certificate
- ICS-400, or obtain within 1 year of appointment. (Required to **test** for the position after Jan 1, 2018)
- Within two years of appointment, must be qualified to open a CICCS Strike Team Leader task-book.

# City of Encinitas
## Class Title: **Fire Battalion Chief**

**Physical Requirements:**

Positions in this class typically require: climbing, balancing, stooping, kneeling, crouching, crawling, reaching, standing, walking, driving, pushing, pulling, lifting, fingering, grasping, feeling, talking, hearing, seeing and repetitive motions.

Incumbents may be subjected to moving mechanical parts, electrical currents, vibrations, personal injury, physical violence, fumes, odors, dusts, gases, poor ventilation, blood, body fluids, chemicals, oils, extreme temperatures, inadequate lighting, work space restrictions, intense noises and travel.

Very Heavy Work: Exerting in excess of 125 pounds of force occasionally, and/or in excess of 50 pounds of force frequently, and/or in excess of 20 pounds of force constantly to move objects.

## Notes:

- The above job description is intended to represent only the key areas of responsibilities; specific position assignments will vary depending on the business needs of the department.

- Provisions of the California Government Code and Emergency Services Act declare all public employees to be **disaster service workers**.  As disaster service workers, all public employees (except legally employed aliens), are subject to such disaster service activities as may be assigned to them by their superiors or by law.

- This is a safety-sensitive position and incumbents are subject to pre-placement drug testing.

- Incumbents may be asked to travel on City business, using their own vehicle or a City vehicle, and are required to be in the Department of Motor Vehicles Pull Program.

---

This position is classified as **"MANAGEMENT."**  FLSA exempt and employment at-will.

**Classification History:**
9/13 PC
Revised: 12/13 PC
Revised: 11/16 Fire Chief/HR

Declaration of Nicholas Briscoe

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Timothy L. Davis  (SBN 181532)
E-mail:  Tdavis@bwslaw.com
Mark E. Wilson (SBN 264126)
E-mail: mwilson@bwslaw.com
Gena B. Burns (SBN 273777)
E-mail:  gburns@bwslaw.com
Burke, Williams & Sorensen, LLP
501 West Broadway, Suite 1600
San Diego, CA  92101-8474
Tel:  619.814.5800      Fax:  619.814.6799

Attorneys for Defendant
CITY OF ENCINITAS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES MICKELSON on behalf of
himself and other similarly situated
individuals,

                    Plaintiff,

v.

CITY OF ENCINITAS,

                    Defendant.

Case No.  '22 CV0487 BAS BLM

**DECLARATION OF NICHOLAS BRISCOE IN SUPPORT OF JOINT MOTION TO APPROVE FLSA SETTLEMENT**

Date:        TBD
Time:        2:00 pm
District Judge:
Magistrate Judge:  Hon. Barbara Major

I, NICHOLAS BRISCOE, have personal knowledge of the facts contained herein and am competent to testify if called upon to do so hereby declare as follows:

1.      Since 2016, I am the Chief Economist at Briscoe Economics Group, Inc. and prior to that I worked at other economic consulting and accounting firms, including Crowe Horwath LLP, Cohen Volk Economic Consulting Group, and the Udinsky Group.  I have earned a bachelor's degree in Managerial Economics and master's degree in Agricultural and Resource Economics from the University of California, Davis.  In addition, I teach and am part of the Adjunct Faculty at the University of California, Davis, Graduate School of Management.  I have obtained the professional designations of Certified Valuation Analyst, Certified Earnings Analyst and Certified Fraud Examiner.  I am an expert in forensic economics and forensic accounting and have been performing data analysis and damages assessments in cases involving wage and hour litigation as well as other types of litigation disputes for over 14 years.  Attached as Exhibit 1 is a true and correct copy of my curriculum vitae.

2.      I have performed numerous analyses of Fair Labor Standards Act (FLSA) and California state law wage and hour matters related to overtime pay and regular rate of pay amongst many other types of labor code violations.

3.      I was retained by Defendant City of Encinitas to analyze damages asserted by Plaintiffs in this matter based on claims for additional overtime pay under the FLSA arising out of the allegation that Plaintiffs were misclassified as exempt

employees and were not paid overtime.  As discussed further below, I calculated the damages for the four former or current City employees ("Plaintiffs").

4.     My calculation of Plaintiffs' damages was based on the following directions to calculate FLSA overtime back pay for each Plaintiffs' regular rate of pay for both a two-year and three-year look back period from the date the case was filed and continuing through July 10, 2022.

5.     To calculate damages, the City provided me with data and information, including specific payroll and timekeeping data for each Plaintiff exported from the City's payroll system, starting at least three years before the date the case was filed. In addition, the City provided me with information about Plaintiffs' wage types, work schedules, payroll periods, and the applicable work period for purposes of determining the back pay.

6.     Based on the data and information the City provided me, I was able to determine the following information for each Plaintiff for each assumed 24-day of 7-day FLSA work period falling within the look-back periods for the FLSA overtime back pay claims: (1) whether the Plaintiff had worked overtime hours under the FLSA by working more than 192 hours in the 24-day work period applicable to them or 40 hours in the 7-day work period, (2) the base pay amount paid by the City for those FLSA overtime hours;[1] (3) the amount those FLSA overtime hours would have

---

[1] Please note that the City did pay unscheduled hours worked at a rate of 1.0X at base rate and in some cases 1.5X at base rate.

been paid under FLSA; and (4) the difference representing unpaid FLSA overtime assuming each employee was non-exempt.

7.      I met with Plaintiffs' counsel to discuss and explain the calculations. Plaintiff's counsel directed me to run the same calculations using a different assumption for the mathematical mechanics of the FLSA overtime calculation.[2]  I then ran both scenarios and presented the details results to both Defense and Plaintiff counsel.

8.      I calculated the FLSA overtime back pay owed to each Plaintiff assuming each Plaintiff should had been classified as non-exempt based on a two-year and three-year statute of limitations.  Applying the above methodology set forth in paragraphs 6-7, the total FLSA overtime back pay calculated for each Plaintiff under Defense counsel's assumption for the mechanics of the FLSA overtime calculation is as follows: James Mickelson - $22,698.86, $30,236.95; Terence Chiros - $2,364.83, $13,033.30; Jorge Sanchez - $35,249.14, $50,221.88; and Michael Spaulding $31,945.07, $49,006.51.  As such, the total amount of back pay overtime owed to the four Plaintiffs under Defense counsel assumptions, based on a two-year statute of limitations was calculated at $92,257.90 doubled based on a

---

[2] Defense counsel's assumption for the mathematical mechanics of the FLSA overtime calculations involved using a divisor in the calculation of the regular rate of total hours worked and a multiplier for overtime hours of 0.5 times the regular rate of pay and 1.0 times the base rate of pay.  Plaintiff counsel's assumption for the mathematical mechanics involved using a divisor in the calculation of the regular rate of pay of scheduled hours and a multiplier for FLSA overtime hours of 1.5 times the regular rate of pay.

recovery of liquidated damages, this amount is $184,515.80.  The total amount of back pay overtime owed to the four Plaintiffs under Defense counsel assumptions, based on a three-year statute of limitations was calculated at $142,498.64 doubled based on a recovery of liquidated damages, this amount is $284,997.28.

9.    I also calculated the FLSA overtime back pay owed to each Plaintiff assuming each Plaintiff should had been classified as non-exempt based on a two-year and three-year statute of limitations under Plaintiff counsel's assumptions for the mechanics of the FLSA overtime calculation.  The results are as follows: James Mickelson - $22,958.76, $30,580.95; Terence Chiros - $2,612.19, $14,493.51; Jorge Sanchez - $39,188.34, $55,833.95; and Michael Spaulding $48,384.80, $68,932.29.

As such, the total amount of back pay overtime owed to the four Plaintiffs under Plaintiff counsel assumptions, based on a two-year statute of limitations was calculated at $113,144.10 doubled based on a recovery of liquidated damages, this amount is $226,288.20.  The total amount of back pay overtime owed to the four Plaintiffs under Plaintiff counsel assumptions, based on a three-year statute of limitations was calculated at $169,840.69 doubled based on a recovery of liquidated damages, this amount is $339,681.38.

10.    These figures represent the backpay and liquidated damages if Plaintiffs prevailed on their position that a) the City is liable for backpay on the FLSA overtime claims, and b) the City is liable for liquidated damages on these

claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 17 day of January 2023 at Rocklin , California.

_Nicholas Briscoe_
Nicholas Briscoe

Burke, Williams &
Sorensen, LLP
Attorneys At Law

DECLARATION OF NICHOLAS BRISCOE
'22 CV0487 BAS BLM



**Briscoe Economics Group, Inc.**
2999 Douglas Blvd., Ste 180
Roseville, CA 95661
Tel  916.890.3889
Fax 916.307.5756
www.BriscoeEconomics.com

# <u>EXHIBIT 1</u>

## NICHOLAS A. BRISCOE, MS, CVA, CEA, CFE

## CURRICULUM VITAE

Mr. Briscoe is Chief Economist and Principal at Briscoe Economics Group, Inc.  Mr. Briscoe provides forensic economic, forensic accounting & data analytical services to attorneys, corporations, insurance companies and governmental agencies. He has qualified and provided expert testimony in court and deposition in numerous occasions. Mr. Briscoe teaches Finance and Fraud Detection as an Adjunct Professor at the University of California, Davis. He has earned a Bachelor's Degree and Master's Degree in Economics from UC Davis, as well as a Post-Master's Graduate Certificate in Forensic Rehabilitation Counseling from The George Washington University. He has obtained designations of Certified Valuation Analyst (CVA), Certified Earnings Analyst (CEA), Certified Fraud Examiner (CFE) and Certified Professional Career Coach (CPCC).

## PROFESSIONAL EXPERIENCE

- 2016 - Present - Briscoe Economics Group, Inc.
- 2015 - 2016 - Crowe Horwath LLP
- 2011 - 2015 - Cohen | Volk Economic Consulting Group
- 2010 - 2011 - Economic Valuation Consultants
- 2007 - 2009 - The Udinsky Group

## TEACHING AND ACADEMIC EXPERIENCE

- 2011 - Present - University of California, Davis, Graduate School of Management, Adjunct Professor
- 2010 - University of Phoenix, Adjunct Professor
- 2005 - 2006 - University of California, Davis, Graduate Teaching Assistant
- 2005 - University of California, Davis, Graduate Student Researcher

## PRACTICE SUMMARY

Mr. Briscoe's practice includes the following areas:

- Wage and Hour: Analysis, data analytics, mediation support and testimony related to state-specific and FLSA wage and hour matters including but not limited to overtime pay, misclassification, regular rate of pay, off-the-clock work, rounding, meal and rest break violations and PAGA penalties.

NICHOLAS A. BRISCOE, MS, CVA, CEA, CFE
Page 2

---

**PRACTICE SUMMARY (CONTINUED)**

- Economic Damages: Analysis and testimony related to commercial and lost profits damage claims resulting from business interruptions, construction defects, performance on contracts, and the valuation of economic losses in personal injury, wrongful death, employment termination and future care costs.

- Forensic Accounting and Fraud Investigations: Investigations and testimony related to claims of fraud, misallocation of entity profits, and business separations. Business valuation preparation of reports, consultation and expert testimony regarding the valuation of ownership interest in privately held businesses.

- Employment: Analysis and testimony related to wrongful termination/discrimination claims and executive reasonable compensation analysis. Preparation of statistical analyses, vocational, labor and job market consultation and studies.


**EDUCATION AND ACCREDITATIONS**

- Masters of Science; Agricultural and Resource Economics (Applied Economics), 2006
  - Elective Courses in Finance and Accounting
  - University of California, Davis

- Bachelors of Science; Managerial Economics, 2005
  - University of California, Davis

- Graduate Certificate in Forensic Rehabilitation Counseling, 2012
  - One-Year Post Masters Graduate Certificate Program
  - The George Washington University

- Certified Valuation Analyst (CVA), 2010
  - National Association of Certified Valuators and Analysts

- Certified Earnings Analyst (CEA), 2012
  - American Rehabilitation Economics Association

- Certified Fraud Examiner (CFE), 2016
  - Association of Certified Fraud Examiners

- Certified Professional Career Coach (CPCC), 2017
  - Professional Association of Resume Writers and Career Coaches

NICHOLAS A. BRISCOE, MS, CVA, CEA, CFE
Page 3

---

**PROFESSIONAL AFFILIATIONS**

- National Association of Forensic Economics
- National Association of Certified Valuation Analysts
- Association of Certified Fraud Examiners
- American Rehabilitation Economics Association
- American Academy of Economic and Financial Experts
  - Board of Directors, 4/2018 – 4/2021
  - Treasurer/Secretary, 4/2019 - 4/2021
- Professional Association of Resume Writers and Career Coaches

**PUBLICATIONS AND INVITED SPEAKING ENGAGEMENTS**

- National Association of Forensic Economics, 2022 Western Economic Association Conference, "Determining Settlement Value for Mediation in Wage and Hour Class Action and PAGA Cases," Virtual Conference, July 2022.

- National Association of Forensic Economics, Eastern 2022 Virtual Meeting, Section Discussant," Virtual Conference, February 2022.

- American Academy of Economic and Financial Experts, 2021 Annual Meeting, "Forensic Economics Case Research," Virtual Conference, April 2021.

- National Association of Forensic Economics, Eastern Economic Association Annual Conference, Discussant for the Paper, "FLSA Claims and Fraud: Recent Cases and Analytics in Patterns of Overtime" by Josefina Tranfa-Abboud," Virtual Conference, February 2021.

- National Association of Forensic Economics, 94th Annual Western Economic Association Conference, Discussant for the Section, "Statistical, Survey and Data Issues in Wage and Hour Cases," San Francisco, California, June 2019.

- American Academy of Economic and Financial Experts, 2018 Annual Meeting, "Industry Analysis in Personal Injury and Employment Termination Cases," Las Vegas, Nevada, April 2018.

- "Code DD on a W-2 Wage and Tax Statement: An Alternative Way to Determine the Cost of Employer Paid Health Benefits," Published in The Forecast, National Association of Forensic Economics, August 2017.

- American Academy of Economic and Financial Experts, 2017 Annual Meeting, "Forensic Accounting in Shareholder Disputes and Trust Litigation," Las Vegas, Nevada, March 2017.

- "Public Funds, Public Scrutiny: Reducing Fraud Risk in Local Government," Crowe Horwath LLP White Paper, Published in the League of California Cities - City Attorneys' Spring Conference, April 2016 (with Tim Bryan and Jonathan Theobald).

NICHOLAS A. BRISCOE, MS, CVA, CEA, CFE
Page 4

---

**PUBLICATIONS AND INVITED SPEAKING ENGAGEMENTS (CONTINUED)**

- American Academy of Economic and Financial Experts, 2016 Annual Meeting, "Calculating Back Pay in Wage and Hour Damage Claims," Las Vegas, Nevada, March 2016.

- National Association of Forensic Economics, ASSA Annual Meeting, Discussant for the Section, "Topics in Forensic Economics," San Francisco, California, January 2016.

- American Rehabilitation Economics Association, 2014 Annual Conference, "Income and Net Worth Analysis for Punitive Damages Testimony," Reno, Nevada, June 2014.

- American Board of Vocational Experts, 2013 Annual Conference, "Evaluating Loss of Earnings to Self-Employed Business Owners in Personal Injury Litigation," Scottsdale, Arizona, April 2013.

- National Association of Forensic Economics, 86th Annual Western Economic Association Conference, Discussant for the Section, "Employment Discrimination in Forensic Economics," San Diego, California, June 2011.

- National Association of Forensic Economics, 85th Annual Western Economic Association Conference, "Methodologies for Calculating Damages in Class Action Wage and Hour Cases," Portland, Oregon, June 2010.

- Participant in various continuing legal education training programs and panels.

Declaration of James Cunningham

1   William B. Aitchison (OR Bar # 770095)
2   (*admitted pro hac vice*)
    Public Safety Labor Group
3   3021 NE Broadway Street
4   Portland, Oregon 97232
    Tel. (866) 486-5556
5   Will@PSLGlawyers.com

6
    James Cunningham (CA Bar # 128974)
7   Law Offices of James J Cunningham
8   10405 San Diego Mission Road, Ste. 200
    San Diego, California 92108-2174
9   Tel. (858) 693-8833
10  JJC@jimcunninghamlaw.com

11  *Attorneys for Plaintiffs*

12
13                  UNITED STATES DISTRICT COURT
14              SOUTHERN DISTRICT OF CALIFORNIA
15

16  JAMES MICKELSON, on behalf of            Case No.: 22-cv-0487-BAS-BLM
    themselves and similarly situated
17  individuals,                             **DECLARATION OF JAMES J.
                                             CUNNINGHAM IN SUPPORT OF
18                          Plaintiffs,      MOTIONS FOR APPROVAL OF
                                             SETTLEMENT AND FOR AWARD
19  v.                                       OF ATTORNEY FEES**
20  CITY OF ENCINITAS ,
21                          Defendant.       **Courtroom**:4B
                                             **Hearing Date**:      February 21, 2023
22
23                                           **NO ORAL ARGUMENT UNLESS
24                                           ORDERED BY THE COURT**
25                                           **District Judge**:    Hon. Cynthia Bashant
26                                           **Magistrate Judge**:  Hon. Barbara Major
27
28

1

## DECLARATION OF JAMES J. CUNINGHAM

2    I, James J. Cunningham, do declare:

3    1.    I have personal knowledge of the facts contained herein and am competent

4    to testify if called upon to do so.

5    ### My Background as an Attorney and Related Work

6    2.    I received a Bachelor of Arts degree in 1981 from the University of South

7    Florida, and a Doctor of Jurisprudence degree from Western State Law School (San

8    Diego) in 1985.

9    3.    I have represented public safety officers (Police and Fire) since 1997 in

10    labor and employment matters, including significant litigation experience.

11    4.    I have been a member in good standing of the California State Bar, United

12    States District Court Southern District of California, and the Supreme Court of the State

13    of California since 1997.

14    5.    I am the principal attorney at the Law Offices of James J. Cunningham.

15    6.    I have lectured throughout California on California Workers Compensation

16    legal and medical issues and am a founding editor of the Workers Compensation

17    Reporter (San Diego).

18    7.    I have appeared and represented clients in front of the San Diego, Orange

19    County, Imperial County and Los Angeles County Superior Courts. I have appeared and

20    litigated cases in front of the San Diego and Los Angeles Federal Court, the Third and

21    Fourth District Court of Appeals as well as oral argument at the California Supreme

22    Court. In addition, I presented an oral argument in front of the United States Department

23    of Labor (Washington D.C.) on a Federal Labor issue. Currently, I am co-counsel on the

24    case of Boling, et al. v. Public Employment Relations Board (City of San Diego)

25    (*Catherine A. Boling et al. v Public Employment Relations Board* (2018) S242034;

26    D069626; PERB Dec. No. 2464-M) a California PERB case that was decided ultimately

27    by the California Supreme Court with the United States Supreme Court, declining further

28    review the case.

8.     I am general counsel of the San Diego Firefighters Association, Local 145, the Labor organization representing the City's firefighters, I participated as co-counsel in a FLSA lawsuit involving over 700 plaintiffs, *Kelley v. City of San Diego* (filed in the Southern District of California). Additionally, I am general counsel for the San Diego Deputy City Attorney's Association, San Diego County Public Defenders Association, Association of the San Diego County Employees, Oceanside Firefighters Association, and the Carlsbad City Employees Association.

**Steps Taken in Anticipation of This Litigation**

9.      In anticipation of litigation in this matter, I began communicating with the members of the City of Encinitas Fire Department, educating them as to the potential for litigation and the legal theories of the case.

10.    I consulted with and joined with Will Aitchison as joint counsel in this matter.

11.    I conducted numerous information meetings with potential claimants and answered a variety of the Battalion Chief's questions.

**Actions Taken During the Litigation of This Matter**

12.    My office coordinated the processing of all the attorney-client agreements of the four Plaintiffs who joined the lawsuit, sent the court-approved notice to the prospective plaintiffs, and conducted follow-up communication with all Plaintiffs.

13.    Our office filed and responded to all pleadings in this matter.

14.    I participated in all status and settlement conferences held in this matter.

15.    Our office tracked all potential Plaintiffs and continued to update on timelines and deadlines. We communicated to all Plaintiffs and potential Plaintiffs on a regular basis via email and teleconferences throughout the litigation.

**Settlement Issues**

16.    On January 18, 2023 the parties executed a settlement in this matter.

17.    The settlement was produced after an extensive process of negotiations between Plaintiffs and the City with respect to the calculation of potential damages.

18.     The City retained Nicholas Briscoe as an expert payroll and damages witness. Mr. Briscoe had been retained in a similar capacity by the City of San Diego in *Kelley v. City of San Diego*, No. 3:19-cv-00622-AJB-MDD, an FLSA case involving 704 plaintiffs who were represented by Plaintiffs' counsel in this case. In *Kelley*, I had the opportunity to become familiar with Mr. Briscoe's methodology and approach to damage calculations and had Mr. Briscoe's calculations reviewed by an expert retained by the plaintiffs. That familiarity, combined with the small size of the four-person class in this case, allowed Plaintiffs the opportunity to wait on retaining an expert pending the results of settlement discussions.

19.     The parties' cooperative exchange of information produced both the majority and the most important of the information that would have been sought in formal discovery, but without the costs, court intervention, and contention that occasionally characterizes the discovery process.

20.     While the City provided initial explanations of how its payroll system worked, Plaintiffs submitted numerous questions to the City about the operation of the codes, all of which the City promptly answered.

21.     As part of the cooperative process used by the parties in this matter, the City provided Plaintiffs with electronic payroll data for all Plaintiffs. The information provided included daily hours worked, whether the Plaintiff was treated by the City on the basis of a work week or Section 207(k) work period, all forms of compensation, and FLSA overtime hours.

22.     Once a settlement was reached in this matter, I participated in the development and allocation of the settlement proceeds, pro-rating the settlement amounts based upon the amount of unpaid overtime worked by each of the three plaintiffs.

23.     Releases in FLSA cases should generally be limited only to FLSA claims. *Id.*, at 1178. Here, the release only applies to "wage-and-hour and overtime pay-related claims under the Fair Labor Standards Act, California law, or tort or contract theories."

Declaration of James J. Cunningham – Page 4

24.     Though the scope of the release refers to wage-and-hour and overtime pay-related claims under California law and tort or contract theories, Plaintiffs' counsel determined even before filing this action that no such viable claims exist.

25.     The parties agreed to settle the claims raised by Plaintiffs in this action by paying Plaintiffs a total of $145,000, to be divided among Plaintiffs on the basis of the uncompensated hours worked by each. The settlement amount is comprised of two elements: A payment of back overtime of $145,000.00 divided among the four plaintiffs and a separate payment of $1,067.56.00 to Jorge Sanchez and $5,551.61 to Michael Spaulding representing overtime pay from October 16, 2022 through January 1, 2023.

26.     While Plaintiffs believe they would be entitled to liquidated damages, the City would contend that it reasonably relied on a legal opinion it received analyzing the duties of battalion chiefs and concluding that battalion chiefs were exempt under the FLSA.

27.     The plaintiffs had no objections to the settlement.

28.     Given the existence of several bona fide disputes as to the extent of the City's liability in this matter, I support the settlement as a fair and reasonable resolution of all FLSA claims held by Plaintiffs.

### Law Offices of James J. Cunningham Billing Records

29.     Attached hereto as Exhibit 1 are true and accurate reports from the Law Offices of James J. Cunningham billing system of the time spent and litigation costs.

30.     All billing entries were made contemporaneously with the performance of the work and the incurring of costs.

31.     All of the work performed by the Law Offices of James J. Cunningham was reasonably necessary for the prosecution of this case.

32.     Our billing records reflect that, to date, I worked 42.6 hours on this matter while my Paralegal, Jaclyn Salamony, worked 27 hours. All of the work performed by Ms. Salamony and I was necessary for the furtherance of this litigation.

**Attorney Fees**

33.    Prior to joining this lawsuit, each Plaintiff agreed to an attorney-client agreement. An anonymized version of the attorney-client agreement is attached hereto as Exhibit 2.

34.    Under the attorney-client agreements reached between Plaintiffs and Plaintiffs' counsel, attorney fees would be calculated based on the following contingent fee structure: 25% of the gross sum recovered if a recovery happened at least two weeks prior to trial, 40% of the gross sum recovered if recovery occurred within two weeks of trial through the conclusion of trial, and 50% of the gross sum recovered if recovery occurred during or through an appeal process.

35.    Under the attorney-client agreement, each Plaintiff's attorney fee and litigation cost responsibility would be offset by the Plaintiff's pro-rata share of attorneys' fees and litigation costs recovered from the City.

36.    A true and correct copy of the Motion for Approval of Settlement and Award of Attorney fees is attached to this Declaration.

**Fairness of Settlement**

1.    I am fully apprised of the claims in this case as well as the City's defenses. I fully support the settlement as a fair and equitable resolution of the disputed issues before the Court.


Dated: January 18, 2023                     Respectfully submitted,
                                            **Law Offices of James J. Cunningham**

                                            _____
                                            James J. Cunningham

Declaration of James J. Cunningham – Page 6

# EXHIBIT 1

# Law Offices of James J. Cunningham A.P.C.

| | | |
|---|---|---|
| JAMES J. CUNNINGHAM<br>CHRISTOPHER MORSE | ATTORNEYS AT LAW<br>10405 SAN DIEGO MISSION RD.<br>SUITE 200<br>SAN DIEGO, CA 92108 | TELEPHONE: (858) 693-8833<br>TOLL FREE: (877) 976-7766<br>FAX: (858) 693-8834<br>EMAIL: jjc@jimcunninghamlaw.com |

LEGAL ASSISTANT:
JACLYN SALAMONY
EMAIL: js@jimcunninghamlaw.com
OF COUNSEL:
LISA G. MCLEAN, ESQ
CERTIFIED WORKER'S COMPENSATION SPECIALIST

January 11, 2023

---

Enclosed is the invoice for services provided from January through December, 2022.

| Invoice # 6868 | | |
|---|---|---|
| Name | Total Time | Amount Due |
| James J. Cunningham | 42.6 hours | $21,300 |
| Jaclyn Salamony | 27 hours | $4,050 |
| | **TOTAL AMOUNT DUE** | |

## **BILLING RATES**

| Name | Title | Hourly Rate |
|---|---|---|
| James J. Cunningham | Partner | $500.00 |
| Jaclyn Salamony | Paralegal | $150.00 |

Encl.

# Law Offices of James J. Cunningham A.P.C.

JAMES J. CUNNINGHAM
CHRISTOPHER MORSE

ATTORNEYS AT LAW
10405 SAN DIEGO MISSION RD.
SUITE 200
SAN DIEGO, CA 92108

TELEPHONE: (858) 693-8833
TOLL FREE: (877) 976-7766
FAX: (858) 693-8834
EMAIL: jjc@jimcunninghamlaw.com

LEGAL ASSISTANT:
JACLYN SALAMONY
EMAIL: js@jimcunninghamlaw.com
OF COUNSEL:
LISA G. MCLEAN, ESQ
CERTIFIED WORKER'S COMPENSATION SPECIALIST

January 11, 2023

Invoice submitted to:
Encinitas FLSA
January 11, 2023
Invoice #6868

| | | |
|---|---|---|
| 1/17 | Review / Analyze File / Review and Respond to Client questions / Teleconference with Client / Draft Email/Draft Text | 0.8 |
| 1/17 | Review / Analyze File / Review of contact information from BC x1 / Draft email to BC x2 and WA x2, set TC / Teleconf with BC x1 | 0.4* (JS) |
| 1/18 | Review / Analyze File / Draft Email/Draft Text To member x1 re TC with Will and JJC x2 | 0.2* (JS) |
| 1/19 | Review / Analyze File / Review and Respond to Client questions / Research / Review of evidence | 1.8 |
| 1/26 | Review / Analyze File / Review of Will's email re BCs / Draft Email/Draft Text to Will and JJC re member update | 0.2* (JS) |
| 2/7 | Review / Analyze File / Review of docs from member x1 / To Will re member update, to member x1 | 0.3* (JS) |
| 2/16 | Draft Retainer agreement | 0.4* (JS) |

| | | |
|---|---|---|
| 2/18 | Review / Analyze File / Review/Revise Retainer agreements x4 / Draft Email/Draft Text to members x4 re retainer | 0.6* (JS) |
| 2/28 | Review / Analyze File / Teleconference with Client / Review and Respond to Client questions | 2.1 |
| 3/1 | Review / Analyze File / Review of Retainer agreement x2 / Draft Email/Draft Text to member x2 | 0.4* (JS) |
| 3/2 | Review / Analyze File / Draft Email/Draft Text to member x1 re executed retainer | 0.2* (JS) |
| 3/7 | Review / Analyze File / Draft Complaint | 0.5* (JS) |
| 3/8 | Review / Analyze File / Draft Email/Draft Text to members x2 re TC with JJC / Teleconf with Jorge Sanchez re questions | 0.5* (JS) |
| 3/10 | Review / Analyze File / Teleconference with Client / Review and Respond to Client questions | 0.8 |
| 3/14 | Review / Analyze File / Review of Signed retainer / Teleconf with Member x1 re retainer and updates on case / Draft Email/Draft Text to Members x2 re updates on case x2 | 0.7* (JS) |
| 3/23 | Review / Analyze File / Review of Retainer / Draft Email/Draft Text to members re updates | 0.3* (JS) |
| 3/24 | Review / Analyze File / Draft Complaint / Review/Revise correspondence to Encinitas City Manager re improper overtime payment | 3.9 |
| 3/24 | Review / Analyze File / Draft Email/Draft Text to member x1 re removal of member from lawsuit | 0.2* (JS) |

| | | |
|---|---|---|
| 3/29 | Review / Analyze File / Review/Revise Complaint | 1.0* (JS) |
| 3/31 | Review / Analyze File / Review of Retainer agreement / Draft Email/Draft Text to member x1 re Retainer | 0.2* (JS) |
| 4/6 | Review / Analyze File / Review/Revise Complaint and consent to join action | 1.8* (JS) |
| 4/11 | Review / Analyze File / Draft Email/Draft Text to members re filing update, file docs with court | 0.3* (JS) |
| 4/25 | Review / Analyze File / Review of Billing invoice and proof for control / Draft Email/Draft Text to ACE / Review/Revise expense sheet | 0.2* (JS) |
| 4/26 | Review / Analyze File / Review of Answer to complaint from City | 0.2* (JS) |
| 4/27 | Review / Analyze File / Review of Answer to complaint / Draft Email/Draft Text to clients with update | 0.2* (JS) |
| 4/28 | Review / Analyze File / Review of Order from the Court | 0.3* (JS) |
| 4/29 | Review / Analyze File / Review and Respond to Client questions x1 | 0.1* (JS) |
| 5/3 | Review / Analyze File / Review of State bar receipt, order from court / Teleconf with court clerk | 0.6* (JS) |
| 5/4 | Review / Analyze File / Draft Motion to Continue ENE | 1.0* (JS) |

| 5/5 | Review / Analyze File / Draft Email/Draft Text to City attorneys re M&C and ENE continuance / Research writ of mandate filing / Review/Revise writ of mandate, Motion to Continue ENE | 2.0* (JS) |
| 5/6 | Review / Analyze File / Draft Email/Draft Text to City re M&C x2 | 0.2* (JS) |
| 5/10 | Review / Analyze File / Finalize Motion to Continue ENE | 0.9 |
| 5/10 | Review / Analyze File / Draft Motion to Continue ENE / Draft Email/Draft Text to opposing counsel re Meet and ponder | 0.5* (JS) |
| 5/11 | Review / Analyze File / Draft Email/Draft Text to opposing counsel re M&C, to member x1, send out M&C invite | 0.2* (JS) |
| 5/12 | Review / Analyze File / Review of Order from court / Draft Email/Draft Text to members re ENE update | 0.3* (JS) |
| 5/18 | Review / Analyze File / Draft Email/Draft Text to court re participant info | 0.2* (JS) |
| 5/19 | Review / Analyze File / Prepare for and attend M&C | 3.1 |
| 5/19 | Review / Analyze File / Draft Joint discovery, ENE statement and Rule 26 / Draft Email/Draft Text to members re proposed discovery | 2.5* (JS) |
| 5/20 | Review / Analyze File / Review/Revise Joint Discovery Plan, ENE Statement and Rule 26 letter | 2.9 |
| 5/20 | Review / Analyze File / Review of Signed Joint discovery / Review/Revise ENE statement, file with court / Draft Email/Draft Text to opposing counsel re discovery x3 | 1.0* (JS) |

| | | |
|---|---|---|
| 5/31 | Review / Analyze File / Review and Respond to Department's Attorney's questions / Draft Email/Draft Text to clerk re member roles | 0.3* (JS) |
| 6/1 | Review / Analyze File / Draft Email/Draft Text to clients re ENE conf info | 0.2* (JS) |
| 6/7 | Review / Analyze File / Draft Email/Draft Text to members re ENE | 0.1* (JS) |
| 6/8 | Review / Analyze File / Prep & attend ENE Conference / Review payroll report from member / update & payroll records | 5.9 |
| 6/8 | Review / Analyze File / Review and Respond to Client questions x1 / Review of email from member x1 and payroll report / Teleconf with all parties re ENE | 0.5* (JS) |
| 6/9 | Review / Analyze File / Review and Respond to Client questions | 0.8 |
| 6/9 | Review / Analyze File / Draft ENE Memo / Draft Email/Draft Text to member x1 re additional members | 0.2* (JS) |
| 6/23 | Review / Analyze File / Review of email from opposing counsel, payroll information | 0.3 |
| 6/28 | Review / Analyze File / Review/Revise / Draft Email/Draft Text | 0.6 |
| 8/11 | Review / Analyze File / Draft Email/Draft Text to members re OT records | 0.2* (JS) |
| 8/12 | Review / Analyze File / Draft Email/Draft Text to opposing counsel re expert's opinion x2 | 0.1* (JS) |

| 8/16 | Review / Analyze File / Draft Email/Draft Text to all members re expert opinion update | 0.2* (JS) |
| 8/18 | Review / Analyze File / Review of update from City re expert opinion / Draft Email/Draft Text to City | 0.1* (JS) |
| 8/30 | Draft Email/Draft Text to opposing counsel re report status | 0.1* (JS) |
| 9/2 | Review / Analyze File / Draft Email/Draft Text to all parties x3 re analysis meeting, to members re update | 0.2* (JS) |
| 9/6 | Review / Analyze File / Draft Email/Draft Text to city counsel re meeting x2 / Teleconf with Jorge Sanchez | 0.2* (JS) |
| 9/7 | Review / Analyze File / Draft Email/Draft Text to city counsel re meeting | 0.1* (JS) |
| 9/12 | Review / Analyze File / Prep & attend Economic Presentation by Nick Briscoe/re-view payroll / evidence / emails/ answer client questions | 2.9 |
| 9/12 | Review / Analyze File / Review/Revise ENE statement / Draft Email/Draft Text to Judge Major re amended ENE statement and plaintiff participants, to members re findings x2 / Telconf with Judge Major's chambers / Review of Nick Briscoe findings | 0.8* (JS) |
| 9/13 | Review / Analyze File / Review email chain re member inquiries | 0.2 |
| 9/13 | Review / Analyze File / Review of email inquiry from member x1 / Draft Email/Draft Text to team re conf call | 0.2* (JS) |

| | | |
|---|---|---|
| 9/14 | Review / Analyze File / Review of calculations re damages / Conference with staff | 0.7 |
| 9/14 | Review / Analyze File / Draft Email/Draft Text to team re conf call x2 | 0.1* (JS) |
| 9/19 | Review / Analyze File / Prep & attend conference with plaintiffs | 4.2 |
| 9/21 | Review / Analyze File / Prep & attend Settlement Conference with Judge Major | 3.8 |
| 9/21 | Review / Analyze File / Draft Email/Draft Text to clients re zoom link / Teleconf with Judge and all parties re settlement conference | 2.6* (JS) |
| 9/22 | Review / Analyze File / Review and Respond to Client questions / Review & Respond to co-counsel questions | 0.5 |
| 9/26 | Review / Analyze File / Review and Respond to Client questions / Teleconf with Def atty & WA | 0.8 |
| 10/2 | Review / Analyze File / Review and Respond to Department's Attorney's questions | 0.3 |
| 10/3 | Review / Analyze File / Draft Email/Draft Text to Judge's Chambers re CMC Participant contact info | 0.2* (JS) |
| 10/6 | Review / Analyze File / Teleconference with Client / Review and Respond to Client questions / Conference with staff | 0.9 |
| 10/12 | Review / Analyze File / Teleconference with Client / Review and Respond to Client questions / Prep & attend Case Management Conference | 3.8 |

| 10/12 | Draft Email/Draft Text to members with settlement info / Review of response from members | 0.2* (JS) |
| 10/13 | Review / Analyze File / Draft Email/Draft Text to members re response to questions | 0.2* (JS) |
| 10/14 | Review / Analyze File / Draft Email/Draft Text to Mark Wilson re settlement approval and doc request | 0.2* (JS) |
| 10/17 | Draft Email/Draft Text to Mark Wilson re settlement timeline x2 | 0.1* (JS) |
| 10/20 | Review / Analyze File / Review of Email from member / Draft Email/Draft Text to members re update | 0.1* (JS) |
| 10/31 | Review / Analyze File / Draft Email/Draft Text to Judge's Chambers re CMC Participant contact info | 0.1* (JS) |
| 11/1 | Review of Emails from members, ECF filings / to attorneys and judge, to members with update | 0.5* (JS) |
| 11/3 | Review of email from member x1 / Draft Email/Draft Text to member | 0.1* (JS) |
| 11/7 | Review / Analyze File / Review of Order confirming settlement / Draft Email/Draft Text to members with update | 0.3* (JS) |
| 11/30 | Review / Analyze File / Draft Email/Draft Text / Review and Respond to Client questions / Review of Settlement breakdown | 0.6 |
| 11/30 | Review / Analyze File / Draft Email/Draft Text to opp counsel re breakdown | 0.2* (JS) |

| 12/5 | Review / Analyze File / Teleconference with Client / Draft Email/Draft Text to members re case update | 0.4* (JS) |
| 12/19 | Review / Analyze File / Draft Email/Draft Text to opp counsel re status of settlement docs x5 | 0.3* (JS) |
| 12/20 | Review / Analyze File / Review and Respond to Department's Attorney's questions | 0.2* (JS) |

**Balance Due**
$25,350

Declaration of William Aitchison

1    William B. Aitchison (OR Bar # 770095)
2    (*admitted pro hac vice*)
     Public Safety Labor Group
3    3021 NE Broadway Street
     Portland, Oregon 97232
4    Tel. (866) 486-5556
5    Will@PSLGlawyers.com

6    James Cunningham (CA Bar # 128974)
7    Law Offices of James J Cunningham
     10405 San Diego Mission Road, Ste. 200
8    San Diego, California 92108-2174
     Tel. (858) 693-8833
9    JJC@jimcunninghamlaw.com
10

11   *Attorneys for Plaintiffs*

12                    UNITED STATES DISTRICT COURT
13
14                   SOUTHERN DISTRICT OF CALIFORNIA
15

16   JAMES MICKELSON, on behalf of        Case No.: '22 CV0487 BAS BLM
     themselves and similarly situated
17   individuals,                          **DECLARATION OF WILL
                                           AITCHISON IN SUPPORT OF
18                          Plaintiffs,    MOTIONS FOR APPROVAL OF
                                           SETTLEMENT AND FOR AWARD
19   v.                                    OF ATTORNEY FEES**
20   CITY OF ENCINITAS.
                                           **Courtroom:**      4B
21                          Defendant.     **Hearing Date:**   February 21, 2023
22
23                                         **NO ORAL ARGUMENT UNLESS
                                           ORDERED BY THE COURT**
24
25                                         **District Judge:** Hon. Cynthia Bashant
                                           **Magistrate Judge:** Hon. Barbara Major
26

27

28

Declaration of Will Aitchison – Page 1

## DECLARATION OF WILL AITCHISON

I, William B. Aitchison, do declare:

1.    I have personal knowledge of the facts contained herein and am competent to testify if called upon to do so.

### My Background as an Attorney and Related Work

2.    I received a Bachelor of Arts degree in 1973 from the University of Oregon Honors College, and a Doctor of Jurisprudence degree from Georgetown University Law Center in 1976.

3.    From 1976-1978 I served as a law clerk to Chief Judge Herbert Schwab of the Oregon Court of Appeals. Since 1978 I have been in the private practice of law in Portland, Oregon.

4.    I have been a member in good standing of the Oregon State Bar since 1977, the Alaska Bar Association since 1992, and the Washington State Bar Association from 2002-2013, and from 2018 to the present. Wrongly believing my retirement was imminent, I resigned from the Washington Bar Association in 2013.

5.    I was a member in good standing of the State Bar of California from 1979-2012, when I resigned in good standing for the same reason I resigned from the Washington State Bar Association.

6.    I am one of the founders of Public Safety Labor Group ("PSLG"), counsel of record for Plaintiffs in the above-entitled case. PSLG emphasizes the representation of law enforcement labor organizations and provides day-to-day labor representation to various labor organizations in the states of Oregon, Washington, Alaska, and Idaho. In addition, I have acted as a labor consultant for law enforcement and firefighter labor organizations in many other states.

7.    I founded the Labor Relations Information System ("LRIS") in 1984.

8.    LRIS is a privately held company that provides information on public safety labor issues. LRIS publishes books, conducts seminars and training, publishes a monthly newsletter, issues a semi-monthly podcast, and engages in related activities. LRIS has

1  published seven books I have written on public safety labor issues, six of which have had

2  multiple editions published.

3  ### My Background with the Fair Labor Standards Act (FLSA)

4  9.    My FLSA related activities began after the Supreme Court decided *Garcia v.*

5  *San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985), which held that the FLSA could

6  constitutionally be applied to cities and counties.

7  10.    I began handling FLSA collective actions for public sector employees in

8  1987. Since then, I have acted as the lead counsel in more than 50 FLSA lawsuits

9  representing tens of thousands of employees. Some of the past cases I have handled

10  include *Smith v. City and County of Honolulu* (FLSA lawsuit with 2,200 plaintiffs filed in

11  the District of Hawai'i), *Tamahkera v. Tarrant County* (FLSA lawsuit with approximately

12  900 plaintiffs filed the Northern District of Texas), *Becerra v. City of Omaha* (FLSA

13  lawsuit with approximately 800 plaintiffs filed in the District of Nebraska), *Rogers v.*

14  *City and County of Denver* (FLSA lawsuit with approximately 800 plaintiffs fined in the

15  District of Colorado), *Scott v. City of New York* (FLSA lawsuit with over 15,000

16  plaintiffs filed in the Southern District of New York), *Kelley v. City of San Diego* (FLSA

17  lawsuit with more than 700 plaintiffs filed in the Southern District of California), and

18  dozens of other FLSA collective actions.

19  11.    I have handled FLSA collective actions in federal courts in Alaska,

20  Washington, Oregon, California, Hawaii, Arizona, Colorado, Nebraska, Texas, New

21  Mexico, Tennessee, and New York, and have resolved FLSA claims pre-litigation on

22  behalf of clients in other states.

23  12.    I am was part the plaintiffs' counsel teams in *Dougherty v. City of Chicago*,

24  an FLSA collective action filed in the Northern District of Illinois, Eastern Division, with

25  a potential class size of 8,000 members, and *Ferguson v. County of Los Angeles*, an

26  FLSA collective action filed in the Central District of California, with a class size of

27  more than 6,000 members.

28

Declaration of Will Aitchison – Page 3

13.     In October 2020, LRIS published the eighth edition of my book, *The Rights of Law Enforcement Officers*. Each edition of the book contains a chapter on the FLSA.

14.     In 1991, LRIS published the first edition of my book, *The Fair Labor Standards Act, A User's Manual*. The fifth edition of the book was published in 2010, and the book has sold thousands of copies since it was first issue. The book is a basic reference for lawyers and non-lawyers on the FLSA, has sold thousands of copies, and covers a wide variety of FLSA issues. As part of researching and writing each edition of *The Fair Labor Standards Act*, A User's Manual, I try to read all published FLSA cases issued since the last edition of the book.

15.     Since 1986, I have lectured extensively on the FLSA. Some of the lectures have been full-day seminars devoted just to the FLSA, others have been in three-hour blocks as part of broader seminars, and others have been 1-2 hour presentations. The lectures have occurred as part of LRIS seminars, training sponsored by law enforcement and fire protection labor organizations such as the Fraternal Order of Police and the National Association of Police Organizations, training sponsored by employer organizations such as the League of Cities, and as part of labor law conferences such as those sponsored by the Oregon State Bar and the Labor and Employment Section of the American Bar Association. I estimate that thousands of individuals have heard my presentations on the FLSA.

16.     I have frequently written articles addressing FLSA topics in LRIS's monthly newsletter *Public Safety Labor News*, which has been published since 1993. As part of researching and writing *Public Safety Labor News* I have created search strings which are designed to bring to my attention on a daily basis FLSA cases involving public safety employees.

17.     I am the host for LRIS's bi-monthly podcasts, which have been published since 2013 and which have over 1,000 subscribers. I have discussed FLSA issues many times in the podcasts and have twice devoted entire podcasts to the calculation of the regular rate of pay.

Declaration of Will Aitchison – Page 4

18.     In addition to handling FLSA litigation, I have on many occasions performed FLSA audits on behalf of employees or employee groups. The audits have included a review of the employer's wage and hour practices, collective bargaining agreements and memoranda of understanding between the employer and the labor organization, and employee pay records.

19.     Handling plaintiff-side large-scale FLSA collective actions is a difficult proposition for any law firm, and particularly so for small law firms. Attorneys have an individual attorney-client relationship with each member of a collective action. Simply keeping track of the contact information for hundreds or thousands of clients can be challenging. Claims must be identified and analyzed, and each client's payroll records usually need to be individually examined.

20.     I have found that off-the-shelf litigation management software is not suitable for large-scale FLSA collective actions. For that reason I have designed and had coded litigation management software for the sole purpose of handling FLSA actions.

21.     Large-scale FLSA collective actions also require the ability to understand the electronic payroll systems used by employers, systems which often have not been upgraded in many years. The payroll records in large-scale FLSA collective actions are quite large and usually require working with an expert witness with access to a mainframe computer.

22.     Because of the collective nature of FLSA actions, the settlement of FLSA cases can be a difficult process. Employers usually require – as has the City of Coronado ("City") in this case – that plaintiffs sign releases as a condition of participating in the settlement. Managing the process for obtaining releases from hundreds or thousands of plaintiffs involves a good deal of work. The settlement process also occasionally poses ethical issues in the allocation of settlement funds, issues created by the individual attorney-client relationships between each plaintiff and the attorneys.

**Settlement Issues**

23.     On January 18, 2023, the parties executed a settlement in this matter.

24.     The settlement was produced after an extensive process of cooperation between Plaintiffs and the City with respect to the calculation of potential damages.

25.     The City retained Nicholas Briscoe as an expert payroll and damages witness. Mr. Briscoe had been retained in a similar capacity by the City of San Diego in *Kelley v. City of San Diego*, No. 3:19-cv-00622-AJB-MDD, an FLSA case involving 704 plaintiffs who were represented by Plaintiffs' counsel in this case. In *Kelley*, I had the opportunity to become familiar with Mr. Briscoe's methodology and approach to damage calculations and had Mr. Briscoe's calculations reviewed by an expert retained by the plaintiffs. That familiarity, combined with the small size of the three-person class in this case, allowed Plaintiffs the opportunity to wait on retaining an expert pending the results of settlement discussions.

26.     Before settlement discussions began, Mr. Briscoe, the City's counsel, and I participated in discussions about Mr. Briscoe's damage calculations. I had the opportunity to ask, and Mr. Briscoe answered, questions about Mr. Briscoe's calculations. Only then did the parties begin settlement discussions.

27.     The parties' cooperative exchange of information produced both the majority and the most important of the information that would have been sought in formal discovery, but without the costs, court intervention, and contention that occasionally characterizes the discovery process.

28.     While the City provided initial explanations of how its payroll system worked, Plaintiffs submitted numerous questions to the City about the operation of the codes, all of which the City promptly answered.

29.     As part of the cooperative process used by the parties in this matter, the City provided Plaintiffs with electronic payroll data for all Plaintiffs. The information provided included daily hours worked, whether the Plaintiff was treated by the City on the basis of a work week or Section 207(k) work period, all forms of compensation, and FLSA overtime hours.

Declaration of Will Aitchison – Page 6

30.     Once a settlement was reached in this matter, I developed an allocation of the settlement proceeds, pro-rating the settlement amounts based upon the amount of unpaid overtime worked by each of the three plaintiffs.

31.     Given the existence of several bona fide disputes as to the extent of the City's liability in this matter, I support the settlement as a fair and reasonable resolution of all FLSA claims held by Plaintiffs.

### PSLG's Billing Records

32.     Attached hereto as Exhibit 1 is a true and accurate report from PSLG's billing system of the time spent and litigation costs advanced by PSLG in this matter.

33.     All billing entries were made contemporaneously with the performance of the work and the incurring of costs.

34.     All of the work performed by PSLG was reasonably necessary for the prosecution of this case.

35.     Our billing records reflect that, to date, I worked 10.1 hours on this case. All of the work was necessary for the furtherance of this litigation.

### Attorney Fees

36.     Based upon my experience with other FLSA cases, counsel will spend additional time completing this motion process, administering the settlement, and answering questions from Plaintiffs.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing facts are true and correct.

Executed on January 18, 2023, at Portland, Oregon.

Will Aitchison

# EXHIBIT 1

# Public Safety Labor Group - Client Summary

Date Start: 1/1/2021 | Date End: 1/9/2023 | Clients: Encinitas FLSA | Matters: | Users: All | Account Managers: All

| Date | Matter | Description | Rate/ Unit Price | Labor Time/ Quantity | Billable Time/ Cost Price | Bill Amt/ Sell Price |
|------|--------|-------------|------------------|----------------------|---------------------------|----------------------|
| **Encinitas FLSA** | | | | | | |
| **Will Aitchison** | | | | | | |
| 03/22/2022 | FLSA | Telephone conversation with potential plaintiffs re: claims and exemption issues. | $750.00 hr | 0.70 | 0.70 | $525.00 |
| 03/24/2022 | FLSA | Review of email from Jim Cunningham to City; telephone conversation with Jim re: same. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 03/31/2022 | FLSA | Review of and revisions to draft complaint. | $750.00 hr | 0.50 | 0.50 | $375.00 |
| 04/06/2022 | FLSA | Review of email from Jaclyn Salamony re: filing of lawsuit. | $750.00 hr | 0.10 | 0.10 | $75.00 |
| 04/06/2022 | FLSA | Review of email from Mike Spaulding re: complaint. | $750.00 hr | 0.10 | 0.10 | $75.00 |
| 04/06/2022 | FLSA | Review of email from Jim Cunningham to Mike Spaulding re: complaint. | $750.00 hr | 0.10 | 0.10 | $75.00 |
| 04/11/2022 | FLSA | Review of filed documents, including complaint. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 04/27/2022 | FLSA | Review of City's answer; telephone conversation with Jim Cunningham re: same. | $750.00 hr | 0.30 | 0.30 | $225.00 |
| 04/27/2022 | FLSA | Review of email from Jim Mickelson re: complaint. | $750.00 hr | 0.10 | 0.10 | $75.00 |
| 04/28/2022 | FLSA | Email exchange with Jaclyn Salamony re: date for ENE and availability. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 04/29/2022 | FLSA | Review of ENE order. | $750.00 hr | 0.10 | 0.10 | $75.00 |
| 05/03/2022 | FLSA | California Bar Pro Hac Vice Application Fee | $51.25 ea | 1.00 | $51.25 | $51.25 |
| 05/03/2022 | FLSA | Email exchange with Jim Cunningham's office re: extension of time. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 05/07/2022 | FLSA | Email exchange with Jaclyn Salamony re: ENE setting. | $750.00 hr | 0.10 | 0.10 | $75.00 |
| 06/04/2022 | FLSA | Email exchange with Jaclyn Salamony re: ENE conference. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 06/09/2022 | FLSA | Filing of response in Rule 18.01 case. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 06/09/2022 | FLSA | Email exchange with co-counsel re: ENE results. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 06/23/2022 | FLSA | Review of payroll data; email to Jim Cunningham re: same. | $750.00 hr | 0.50 | 0.50 | $375.00 |
| 09/12/2022 | FLSA | Review of damage calculations by Nick Briscoe; creation of spreadsheet to test same. | $750.00 hr | 1.20 | 1.20 | $900.00 |
| 09/12/2022 | FLSA | Preparation for and participation in conference call with employer, employer's expert. | $750.00 hr | 1.10 | 1.10 | $825.00 |
| 09/13/2022 | FLSA | Exchange of email with Jaclyn Salamony re: conference with plaintiffs before settlement conference. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 09/14/2022 | FLSA | Review of letter from Mark Wilson and underlying calculations; email to Jim Cunningham re: same. | $750.00 hr | 0.60 | 0.60 | $450.00 |
| 09/19/2022 | FLSA | Meeting with opposing counsel to discuss damages; preparation for same. | $750.00 hr | 1.10 | 1.10 | $825.00 |
| 09/22/2022 | FLSA | Email exchange with Jim Cunningham re: settlement conference. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 09/26/2022 | FLSA | Email exchange with Jim Cunningham re: potential settlement. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 10/06/2022 | FLSA | Review of email from Jim Cunningham explaining settlement; email to Jim re: same. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 10/07/2022 | FLSA | Modeling of distributions based on 2-year v. 3-year statute of limitations; transmittal of same to Jim Cunningham. | $750.00 hr | 0.60 | 0.60 | $450.00 |

| Date | | Description | Rate | | | Amount |
|---|---|---|---|---|---|---|
| 10/07/2022 | FLSA | Email to co-counsel re: attorney fees to date. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| 10/12/2022 | FLSA | Preparation for and participation in status conference. | $750.00 hr | 0.30 | 0.30 | $225.00 |
| 10/30/2022 | FLSA | Review of court order; email to Jim Cunningham re: same. | $750.00 hr | 0.20 | 0.20 | $150.00 |
| | | Total Labor For Will Aitchison | | 10.10 | 10.10 | $7,575.00 |
| | | Total Expense For Will Aitchison | | | $51.25 | $51.25 |
| | | Total For Will Aitchison | | | | $7,626.25 |
| | | Total Labor For Encinitas FLSA | | 10.10 | 10.10 | $7,575.00 |
| | | Total Expense For Encinitas FLSA | | | $51.25 | $51.25 |
| | | Total For Encinitas FLSA | | | | $7,626.25 |
| | | Grand Total Labor | | 10.10 | 10.10 | $7,575.00 |
| | | Grand Total Expenses | | | $51.25 | $51.25 |
| | | Grand Total | | | | $7,626.25 |