# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICKELSON, on behalf of himself and other similarly situated individuals,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF ENCINITAS,<br><br>   Defendant. | Case No. 22-cv-0487-BAS-BLM<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING ON JOINT MOTION FOR SETTLEMENT APPROVAL (ECF No. 25)** |

Presently before the Court is the parties Joint Motion to approve a Fair Labor Standards Act ("FLSA") Settlement Agreement. (ECF No. 25.) Courts must evaluate a series of factors to approve FLSA settlements, including the scope of the release in the agreement. In this case, Class Members agree to release Defendant from "any and all wage-and-hour and overtime pay-related claims under the Fair Labor Standards Act, California law, or tort or contract theories, which accrued or could have accrued through the Effective Date of this Agreement, and that were or could have been asserted in the Action." (Ex. 1 to Wilson Decl. ¶ 6, ECF No. 25.) The Complaint, however, alleges only violations of the FLSA.

The Court requests the parties submit supplemental briefing on the issue of the scope of the release. The Court notes some California district courts have limited FLSA settlement releases to the scope of the claims in the Complaint. *See Daniels v. Aeropostale West, Inc.*, No. C 12-05755 WHA, 2014 WL 2215708, at *4 (N.D. Cal. May 29, 2014) ("Counsel were authorized to settle only the conditionally-certified FLSA claim, but the proposed release would go far beyond the FLSA claim."); *Trout v. Meggitt-USA Servs., Inc.*, No. 216-cv-07520-ODW-AJW, 2018 WL 1870388, at *4 (C.D. Cal. Apr. 17, 2018) (declining to approve a FLSA settlement in part because "[a]greeing to these terms would bar a member of the collective action from pursing state law claims, for which there is a possibility of large recovery"); *Ferreri v. Bask Tech., Inc.*, No. 15-cv-1899-CAB-MDD, 2016 WL 6833927, at *5 (S.D. Cal. Nov. 21, 2016) ("[B]ecause the release goes far beyond the FLSA claims asserted in this lawsuit, the settlement is not fair and reasonable."); *see also Jones v. H&J Restaurants, LLC*, No. 5:19-CV-105-TBR, 2020 WL 6877577, at *1 (W.D. Ky. Nov. 23, 2020) ("[T]he Court found that the release provisions in the settlement agreement were overbroad, primarily because the agreement included a release of state law claims even though the agreement was a purported settlement of FLSA claims only.").

The Court orders the parties to submit supplemental briefing no later than **March 8, 2023**. The supplemental briefing must not exceed **three pages**.

**IT IS SO ORDERED.**

**DATED: March 1, 2023**

Hon. Cynthia Bashant
United States District Judge